Nov. Term, 1835.

ALLEN
v.
THE STATE.

---

## ALLEN *v.* THE STATE, on the Complaint of HARRELL.

If the judgment of a justice in a case of bastardy be rendered against the defendant in his absence, and be not complied with, the justice must certify the case to the Circuit Court for a final determination. And if, in such case, the defendant reside in another county, the process for his appearance in the

Circuit Court to answer the charge, may be directed to the county in which   Nov. Term,
he resides.                                                                  **1835.**

The Circuit Court, in such a case, may render a judgment for such sum or sums
of money as it thinks proper for the maintenance of the child, and also a judg-   Allen
ment for costs; but the damages for the seduction of the mother, or the ex-   v.
penses of her lying-in, are not recoverable in this prosecution.        The State.

APPEAL from the *Fayette* Circuit Court.                          *Thursday,*
                                                                 *December 3.*
Blackford, J.—*Cassandra Harrell,* an unmarried woman
and resident in *Fayette* county, made a complaint before a
justice of the peace in that county, that she had been there de-
livered, a short time previously, of an illegitimate child; that the
child was living; and that *Hiram Allen* was its father. The
justice, on this complaint, issued a warrant in the name of the
state against *Allen* as the reputed father, requiring his appear-
ance before the justice to answer to the complaint. The con-
stable returned, that the defendant could not be found in *Fay-
ette* county. The justice then, in the absence of the accused,
examined the mother of the child on oath respecting the com-
plaint, and committed the examination to writing. He also
made an order that the accused was the father of the child;
that he should make a satisfactory compensation to the moth-
er, and should enter into a bond to indemnify the county.
This order not being complied with, the justice certified his
proceedings to the Circuit Court of the county.

When these proceedings of the justice were filed, the Circuit
Court on the plaintiff's motion; ordered a *capias ad responden-
dum* to issue against the defendant, directed to the sheriff of
*Tippecanoe* county, where, as stated in the complainant's affi-
davit, the defendant resided. The defendant attended at the
term to which the process was returnable, and moved the
Court to set aside the proceedings; but the motion was over-
ruled. A plea of not guilty was afterwards filed, a jury im-
panelled, and a verdict of guilty found against the defendant.
The Court thereupon rendered a judgment as follows: It is con-
sidered by the Court, that the defendant is the reputed father
of the said bastard child; and that he pay into Court in hand
the sum of 20 dollars, to defray the expenses of the lying-in of
said *Cassandra* with the said child; the sum of 20 dollars
within three months from this date; 10 dollars within six
months from the expiration of the first three months; and 10

dollars at the expiration of every six months thereafter, until he shall have paid the whole sum of 160 dollars, should the child so long live; but the payments hereafter to be made to cease with the death of the child, should it die before that time; and that the said money be paid over to the clerk of this Court for the maintenance of the said child, to be paid by him to the person who may have the legal custody thereof; and that the defendant do give good security for the performance of this order, to the acceptance of the said clerk. It is further considered by the Court, that the plaintiff recover against the defendant, her costs and charges in and about her prosecution in this behalf expended, &c.

The appellant relies upon two grounds for a reversal of this judgment.

The first is, that the Circuit Court had no jurisdiction of the case; and that the motion to set aside the proceedings was, therefore, erroneously overruled. We do not perceive any error in the overruling of this motion. The statute relative to illegitimate children expressly authorises the justice, if the accused cannot be taken, to proceed with the trial in his absence. Rev. Code, 1831, p. 285. It also authorises the justice, if his order against the accused be not complied with, to recognise him to appear at the next term of the Circuit Court, at which the cause is to be tried. As the defendant was absent, he could not be recognised; but as the proceedings against him in his absence were warranted by the statute, and he had not complied with the order, it was the duty of the justice to certify the cause to the Circuit Court, in order that it might there receive a final determination. The papers filed by the justice in the Circuit Court contained, *inter alia*, a written accusation under oath against the accused, a return of the warrant that he was not to be found in *Fayette* county, and a judgment of the justice that he was guilty. Under these circumstances, the process of the Circuit Court for the defendant's appearance, was directed to the county in which he resided; and we think it was rightly so directed. In the case of an indictment or outlawry for any offence, and the defendant is resident in another county, there is a statute expressly authorising a writ for his apprehension to be directed to that county. Rev. Code, 1831, p. 140 The case before us,

as to the issuing of process to another county, is within the spirit of that statute, and the writ which issued against the defendant ought not to be objected to (1).

The second objection to the judgment is, that the Court erroneously adjudged that the appellant should pay a certain sum for the expenses of the lying-in of the complainant. This objection is well founded. The statute only authorises, in this proceeding, a judgment against the defendant for such sum or sums of money as the Court may direct for the maintenance of the child, and a judgment for costs. The damages for the seduction of the mother, or the expenses of her lying-in, are not the objects of this kind of prosecution. The law has, in those cases, provided other remedies. The judgment of the Circuit Court, therefore, so far as respects the 20 dollars to defray the expenses of the lying-in, is reversed, and the sum of 160 dollars inserted in the judgment is accordingly reduced to 140 dollars. The residue of the judgment is affirmed.

*Per Curiam.*—The judgment is reversed in part, &c. Cause remanded, &c.

*J. Ryman,* for the appellant.

*O. H. Smith,* for the appellee.

(1) The mode of proceeding in cases like that in the text, is now particularly prescribed by statute. Rev. Stat. 1838, p. 331, sec. 7 *et seq.*