THE STATE, on the relation of KEEN *v.* WILSON.

Motion by the defendant, in a prosecution for bastardy, to enter of record an agreement by the prosecutrix, made out of Court, to dismiss the action.

*Held,* that to have entitled the supposed defense to the consideration of the . Court, it should have been pleaded as such, so that an issue could have been formed and tried. .

*Quære:* Whether such an agreement is binding, unless confirmed in Court by the prosecutrix.

*Wednesday,*    APPEAL from the *Delaware* Circuit Court.
*May 29.*

HANNA, J.—Prosecution for bastardy. Motion by defendant to enter of record an agreement, made out of Court, by the prosecutrix to dismiss. Motion resisted on the ground that the agreement was obtained by fraud; and that the prosecutrix was an infant. Evidence heard on the motion in reference to the execution of the instrument. Objection overruled, entry made, and prosecution. dismissed.

The statute is, that "The prosecuting witness may, at any time before final judgment, dismiss such suit, if she shall enter of record an admission that provision for the maintenance of the child has been made to her satisfaction; and such entry shall be a bar to all other prosecutions for the same cause and purpose." 2 R. S., § 17, p. 489.

Passing over the question, on which we express no opinion, whether a binding contract could be made out of Court, without its confirmation in Court by the prosecutrix, especially if she is an infant; we are of opinion that to have entitled the supposed defense, in this case, to the consideration of the Court, it should have been pleaded as such. By this course the opposite party could have had an opportunity, by

reply, to set up any matter that it was desired to have tried as an issue of fact. As it was, the Court heard evidence upon the alleged fraud in obtaining the writing. If an issue had been regularly made upon that question, perhaps the party might have chosen to submit that issue to a jury.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*D. Nation* and *C. M. Anthony*, for the appellant.

*Shipley* and *Kilgore*, for the appellee.