## PICKLER *v.* THE STATE, *ex rel.,* &c.

An infant may at any time disaffirm his power of attorney, and the same will cease to have any validity.

A warrant of attorney, executed by an infant, is probably void.

The admission of the prosecrutrix in a bastardy suit, that provision for the maintenance of the child has been made to her satisfaction, to be effective, must be made in open Court, though such admission may have been made and reduced to writing out of Court.

Pickler *v.* The State, ex rel., &c.

An agreement of an infant prosecrutrix in such suit, to take a given sum as a sufficient provision for the maintenance of the child, would not bar her action.

APPEAL from the *Washington* Circuit Court.

DAVISON, J.—Prosecution for bastardy. Upon the calling of the cause in the Circuit Court, *Cyrus L. Dunham,* an attorney of that Court, appeared, and produced the following power of attorney, viz:

" *The State* on the relation of *Catharine Brickley* v. *James M. Pickler.* I hereby acknowledge that ample provision for the maintenance of the bastard child, in the complaint in this case mentioned, has been made by the defendant, *James Pickler,* and I authorize *Cyrus L. Dunham,* or any other attorney of the *Washington* Circuit Court, to appear for me, and make the proper entry, in accordance with the foregoing, on the records of said Court. *March,* 1857.

CATHARINE BRICKLEY, [SEAL.]"

The attorney also produced the affidavit of *Aulsey* and *Nancy Williams,* who therein severally testified that they were present at the time the above power of attorney was executed by *Catharine Brickley;* that the same was read to her, and she signed it of her own accord, by making her mark; and that the defendant, *Pickler,* made a note for 25 dollars, payable to said *Catharine* at six months, which was then delivered to her. And thereupon the attorney, by virtue of said power, moved the Court, in the name of *Catharine Brickley,* to enter upon the record, that provision had been made to her satisfaction for the support of the bastard child, and that upon such entry being made, said cause be dismissed. To this motion the prosecuting attorney objected; and in support of the objection, presented the affidavit of said *Catharine,* who therein testifies that she never saw, signed, or in any

way executed, the writing, which *Dunham,* as attorney, moves to be entered on the records of this Court, as an admission, on her part, that provision has been made by the defendant for the support of her bastard child; that she is not 21 years of age, can not write her name, and knows but little of the effect of written instruments; that the defendant promised to support her and her child, and, some time last spring, paid her 4 dollars, which included all the support she or her child has ever received from him. The affidavit of one *James Brickley* was also produced. He deposed that he was the brother of *Catharine Brickley;* that she is not 21 years of age, is entirely · inexperienced in matters of business, and knows next to nothing of the effect of her acts in such things; that he has never heard her speak of said power of attorney until this day, when he first heard of it in Court.

The record shows that the Court overruled *Dunham's* motion—refused to allow the proposed entry to be made on the record—and refused to dismiss the case. Was this ruling correct?

Section 17, of the act regulating prosecutions in cases of bastardy, says: "The prosecuting witness may, at any time before the final judgment, dismiss such suit, if she shall enter of record an admission, that provision for the maintenance of the child has been made to her satisfaction; such entry shall be a bar to all other prosecutions for the same cause and purpose." 2 R. S. p. 489. In *The State* v. *Wilson,* 16 Ind. 134, the question, "whether," under the section just recited, "a binding contract could be made out of Court, without its confirmation in Court, by the prosecrutrix, especially if she was an infant?" is alluded to, but left undecided. In this case, however, that question plainly arises in the record; because here the alleged contract appears to have been made out of Court—was not confirmed in Court by the prosecuting witness—and she, it is conceded, was an infant. And admitting

it to be true that she really did make the power of attorney, authorizing *Dunham* to enter of record her admission, "that provision for the support of the child had been made." Still, in the execution of that power, the attorney had no interest, and consequently she had a right to revoke it at her pleasure; and that she did exercise that right, in this instance, is evident from her resistance to the attorney's motion for leave to execute it. Indeed, it may be well doubted whether the authority, under which *Dunham* proposed to act, is not within the general rule, "that a warrant of attorney, executed by an infant, is void." Story on Agency, pp. 463, 474, 477; *Knox* v. *Flack*, 22 Penn. 337; *Waples* v. *Hastings*, 3 Harring. 403. The power of attorney being thus ineffective, the Court committed no error in overruling *Dunham's* motion, because he had no rightful authority to make it. But there is another ground upon which the ruling of the Court may be sustained. As we understand the statute, the Court can not order the entry of admission to be made on the record, unless, at the instance of prosecrutrix herself; and until such entry is made, the suit can not be dismissed. This construction is, it seems to us, correct; and being so, it settles the question; because, in this case, she not only made no motion for leave to make such entry, but disaffirmed all contracts between her and the defendant, relative to the support of the child. The statute evidently requires the admission of the prosecrutrix, "that provision for the maintenance of the child has been made to her satisfaction," to be confirmed and acted upon by her in Court, though such admission may have been made and reduced to writing out of Court. Proper issues having been made, the cause was submitted to a jury, who found for the plaintiff. Motion for a new trial denied, and judgment on the verdict.

At the proper time the Court thus charged the jury. "If you find the defendant to be the father of the bastard child

named in the complaint, and also find that the plaintiff's relator had, after the birth of the child, agreed with the defendant to take 25 dollars as a sufficient provision for the maintenance of said child, such agreement would not bar this action, if the woman, at the time she made that agreement, was proved to have been under the age of 21 years." The giving of this instruction is assigned for error. We think it was a proper direction to the jury; not on the ground merely that the prosecrutrix was under the age of 21 years, but for the reason, that, being an infant, the provision which she agreed to take, should have been assented to and affirmed by her in open Court. Whether, in case she had been an adult, the defendant could have set up such agreement, in bar of the action, is a question not before us.

Other errors are assigned; but the points which they involve do not appear to have been presented to the consideration of the lower Court, and will not, therefore, be noticed by this Court.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*Dunham & Heffren*, for the appellant.