The State ex rel. Keen *v.* Wilson.

THE STATE *ex rel.* KEEN *v.* WILSON.

BASTARDY—ACTION.—An agreement and admission by the mother of a bastard child, that provision for the maintenance of the child has been made to her satisfaction, will not bar an action by her, for such maintenance, against the father of the child, unless such agreement and admission are entered of record with the consent of the mother, and the mere fact that she filed her agreement and admission in Court, is not sufficient to bar her right of action.

RULE 30.—To exclude the presumption of other evidence, a bill of exceptions should contain the words, "this was all the evidence given in the cause."

APPEAL from the *Delaware* Circuit Court.

DAVISON, J.—Prosecution for bastardy. The defendant, the present appellee, answered the complaint. His answer consists of two paragraphs. To the first a demurrer was overruled, and the plaintiff excepted; but to the second it was sustained. The first paragraph alleges, that, after the commencement of the prosecution, viz: on *March* the 31st, 1859, the defendant made provision for the maintenance of the bastard child to the satisfaction of *Mariah Keen*, the mother and relatrix; whereupon she made and filed in said Court her written admission of such provision, which is in this form:

"Know all men, &c., that I, *Mariah Keen*, of, &c., in consideration of 50 dollars to me paid as follows: 10 dollars in hand, 20 dollars in three, and 20 in six months from date; said 40 dollars to be secured to me by notes, with approved security, the receipt whereof is hereby acknowledged—have released, and, by these presents, do forever release, to *George Wilson*, of, &c., all actions, and rights of actions, that I, at this time, have against him for bastardy, breach of marriage contract, or for any other cause whatever, either in law or equity, or otherwise, reserving the right of keeping the bastard child.

"In witness whereof, I have hereunto set my hand and seal, this 15th of *February*, 1859.      MARIAH KEEN, [SEAL]."

Whereupon the defendant prays judgment that this cause be dismissed, &c.

The plaintiff replied to this defence by five paragraphs. The defendant demurred to the fourth. The Court sustained

the demurrer, and an exception was taken. In that para-
graph, it is alleged, that, at the time of the execution of the
written instrument, set out in the answer, the said *Mariah*
was an infant, under the age of 21 years, and incapable, in
law, of making such instrument, or of making a valid con-
tract, and she now disaffirms said instrument, and surrenders
to the defendant all she has ever received from him, and ten-
ders the same to him, &c. The issues of fact were submitted
to the Court, who found for the defendant, and, having re-
fused a new trial, rendered judgment, &c.

Are the rulings upon the demurrers correct? Section 17,
of the act regulating prosecutions in cases of bastardy, says:
"The prosecuting witness may, at any time before final judg-
ment, dismiss such suit, if she shall enter of record an admis-
sion, that provision for the maintenance of the child has been
made to her satisfaction, such entry shall be a bar to all other
prosecutions for the same cause and purpose." 2 R. S. G. &
H. p. 628. "As we understand this provision, the Court can
not order the entry of admission to be made upon the record,
unless at the instance of the prosecutrix herself, and until
such entry is made, the suit can not be dismissed," but must
progress to a final trial on the merits. The answer, then, is
defective, because it fails to aver that the instrument, which
it recites, was, by the consent of the relatrix, entered upon
the record. It is not enough to allege, merely, that she filed
her admission in Court. In *Pickler* v. *The State, ex rel., &c.,*
18 Ind. 266, it was held, that "the statute requires the admis-
sion of the prosecutrix, 'that provision for the maintenance
of the child has been made to her satisfaction,' to be con-
firmed and acted upon by her in open Court." Here there is
no averment that she confirmed and acted upon the alleged
admission; but if the facts, alleged in the reply, be true, and
the demurrer concedes them to be so, she disaffirmed it. The
answer does not, in our opinion, contain facts sufficient to

constitute a defence to the action; and, that being the case, the demurrer to the reply should have not been overruled.

We have not looked into the evidence, for the reason that the record does not, as required by rule 30 of this Court, contain the averment, that "this was all the evidence given in the cause."

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*David Nation* and *Thomas S. Watterhouse*, for the appellant. *C. E. Shipley*, for the appellee.

