## REEVES *v.* THE STATE, EX REL. ELLIS.

BASTARDY.—COMPROMISE.—*Admission of Record.*—A compromise of a suit for bastardy made out of court, though in the form of the statute, is no defence to the action, unless ratified and confirmed in court and entered of record with the consent of the prosecutrix.

SAME.—*Evidence.*—Where the prosecutrix refuses in court to ratify such a compromise and have the same entered of record, she cannot be required to state her reasons for such refusal.

SAME.—*Damages.—Excessive.*—Unless the amount of the judgment in such a case show an abuse of discretion, this court will not interfere on the ground that the damages are excessive.

APPEAL from the Delaware Circuit Court.

BUSKIRK, J.—This was a prosecution for bastardy, commenced before the Mayor of the city of Muncie, where the appellant was adjudged to be the father of the bastard child and was recognized to appear and answer in the circuit court.

In the circuit court, the appellant filed the following answer; namely: "The defendant, for answer to the complaint in the above entitled cause, says that on the 6th day of June, 1868, the said Ellis and defendant, by their written

agreement, the same being filed herewith and made a part of this answer, as follows:

"'STATE OF INDIANA, DELAWARE COUNTY.

"'The State, *ex rel.* Lizzie Ellis, *v.* Elijah J. Reeves.— Whereas I, Lizzie Ellis, am now pregnant, and the child, when born, will be a bastard, and I have commenced an action for bastardy against the said Elijah J. Reeves, charging him with being the father of said child.

"'Now, in consideration of the sum of one hundred and seventy-five dollars, to me paid by the said Reeves, I hereby admit that full and entire satisfaction has been made to me for the maintenance of the said child, of which I am now pregnant, by the said Reeves, and for all other claims that I may have against him as expenses of lying in, doctor bills, etc.; and I hereby dismiss the above entitled cause against the said Reeves, and agree that my admission shall be made a matter of record in the court of common pleas or the circuit court of said county, at the next term of either of said courts, that full satisfaction has been made to me by the said Reeves as above stated.

"'And I further agree, in consideration of the sum of twenty-five dollars, to me paid by the said Reeves, to release and relinquish any and all claim or claims that I have against him by reason of any breach of marriage contract, seduction, or for any real or supposed cause whatever, and I hereby dismiss any and all actions that may have been commenced against him for anything embraced in this clause of this agreement.

"'In witness whereof, I have hereunto set my hand and seal, this 6th day of June, 1868.

(Gov. Stamp.)                    LIZZIE ELLIS, [SEAL.]

"'Attest: W. BROTHERTON.'

"It is agreed and admitted by plaintiff that full satisfaction had been made by defendant to her for the maintenance and support of the bastard child mentioned in the said agreement. He therefore asks said court to dismiss said cause upon the terms mentioned in said agreement, and that

her admission be made a matter of record, as therein agreed upon. And for further answer says that he denies each and every allegation therein contained.

"MARCH & BROTHERTON,

"Attorneys for defendant."

The appellee moved to reject the first paragraph of the above answer. The motion was overruled. The appellee then demurred to the said paragraph of the answer. The demurrer was sustained, and the appellant excepted.

The appellant afterward filed a written motion to dismiss the action, for the reason that the cause had been compromised. The motion was based upon the agreement above set out. The motion was overruled, and an exception was taken.

The cause was, by the agreement of the parties, submitted to the court for trial, and resulted in a finding for the plaintiff. The court overruled a motion for a new trial, and rendered final judgment on the finding.

The appellant has assigned for error in this court, first, the sustaining of the demurrer to the first paragraph of the answer; second, the overruling of the motion to dismiss the action; third, the overruling of the motion for a new trial.

The first question presented for our decision is, did the court err in sustaining the demurrer to the first paragraph of the answer?

The prosecution for bastardy is regulated solely and exclusively by the statute. It is the creature of the statute, and without it would have no existence. The action being created by the statute, and the mode of proceeding and remedy being prescribed by the statute, we must look to our statute for a solution of the question of whether the matters set up in the first paragraph of the answer constituted a valid defence to the action.

The prosecution is in the name of the State, on the relation of the injured party. The mother is made a competent witness by the statute, but she has no interest in the judgment recovered. The judgment is to be applied to the support and education of the child. The court may order the

money to be paid to the mother; or, if she be dead or an improper person, may appoint some other person to receive and expend the money in the maintenance and education of the child. The death of neither father or mother defeats the action. If the mother dies, the action is prosecuted in the name of the child, by a guardian to be appointed by the court. If the father dies, the action does not abate, but may be prosecuted against his personal representatives. Even the death of the child before judgment will not bar or abate the action, but affects the amount of the judgment. If the child dies after judgment, but before the expiration of the time limited for the last payment on the judgment, the court may make a reduction in the judgment.

This proceeding does not interfere with the right of the mother to maintain an action for her seduction, or of her father, and in case of his death, her mother, to institute an action for the seduction of the daughter.

The only power that is given to the mother of a bastard child over an action for bastardy, after it is commenced, is conferred by the seventeenth section of the act in reference to bastardy. In all other respects she is simply a witness. Said section reads as follows:

"The prosecuting witness may at any time before final judgment, dismiss such suit, if she shall enter of record an admission that provision for the maintenance of the child has been made to her satisfaction; such entry shall be a bar to all other prosecutions for the same cause and purpose."

The question involved in this case was referred to, but was not decided by this court, in the case of *The State* v. *Wilson*, 16 Ind. 134, where the court say: "Passing over the question, on which we express no opinion, whether a binding contract could be made out of court, without its confirmation in court by the prosecutrix, especially if she is an infant; we are of opinion that to have entitled the supposed defence, in this case, to the consideration of the court, it should have been pleaded as such."

But in *Pickler* v. *The State*, 18 Ind. 266, the precise ques-

tion arose, and was decided by this court. The court say:

"As we understand the statute, the court cannot order the entry of admission to be made on the record, unless at the instance of the prosecutrix herself; and until such entry is made, the suit cannot be dismissed. This construction is, it seems to us, correct; and being so, it settles the question; because, in this case, she not only made no motion for leave to make such entry, but disaffirmed all contracts between her and the defendant, relative to the support of the child. The statute evidently requires the admission of the prosecutrix, 'that provision for the maintenance of the child has been made to her satisfaction,' to be confirmed and acted upon by her in court, though such admission may have been made and reduced to writing out of court."

But it is insisted that the above case is not an authority in this case, for the reason that in that case the prosecutrix was a minor. This position is wholly untenable. The court, in that case, in the first instance, discuss the question of whether an infant could execute the instrument therein relied on, and precede the portion above quoted by the remark, "But there is another ground upon which the ruling of the court may be sustained." This remark shows that the court was discussing and deciding the main question without reference to the infancy of the prosecutrix.

This court, in *The State* v. *Wilson*, 21 Ind. 273, adheres to the ruling in *Pickler* v. *The State, supra.* The court say: "The answer, then, is defective, because it fails to aver that the instrument, which it recites, was, by the consent of the relatrix, entered upon the record. It is not enough to allege, merely, that she filed her admission in court."

Again, the court say: "Here there is no averment that she confirmed and acted upon the alleged admission; but if the facts, alleged in the reply, be true, and the demurrer concedes them to be so, she disaffirmed it."

This court, in *Garner* v. *Cook*, 30 Ind. 331, held, that a com-

promise that was not consummated by the necessary pro-
ceeding in court to make it obligatory constituted no defence.

This court, in *Carter* v. *The State*, 32 Ind. 404, again
held that the admission must be entered of record.   It seems
to us that this question should be regarded as settled
and "put at rest."   We entirely approve of the above de-
cisions.   We think they contain the true construction of
the statute.   We are also of the opinion that the require-
ment that a compromise made out of court should be con-
firmed and ratified in court, is founded in wisdom.   The
manifest object of the statute was to prevent imposition and
fraud.   The mother of a bastard child is not generally capa-
ble of making a fair compromise.   She is bowed down with
shame and disgrace, is avoided by society, and frequently
deserted by her own family.   In this forlorn and pitiable
condition, she is willing to accede to any terms that may be
proposed to her by the man who has wronged and ruined
her.   Take the case under consideration as an illustration.
The prosecutrix agreed to dismiss the action for bastardy for
one hundred and seventy-five dollars, and actually agreed to
dismiss her own right of action for seduction and a breach
of a marriage contract for the miserable pittance of twenty-
five dollars.   This case demonstrates the wisdom of the
legislature in requiring that agreements made out of court
should be ratified and confirmed in court, where the rights
of the unfortunate mother could be guarded and protected.
We do not desire to be understood as expressing the opinion
that the mother of a bastard child may not make a valid
compromise for her own seduction.

The agreement relied upon in this case is not in conformity
with the statute; but as it would have constituted no defence
if it had been, it is not necessary for us to determine any-
thing in reference thereto.   The learned counsel for the
appellant have pressed upon our consideration decisions in
England, in Vermont, and other States.   Such decisions
were based upon statutes in several respects different from
ours.   If the construction of our statute was for the first

time called in question, such decisions might aid us in placing a correct construction thereon. But there is a long and unbroken line of decisions in this court, all placing the same construction on section seventeen. We think the construction is correct, and adhere to- the former rulings on this question.

We are of the opinion that thè court committed no error in sustaining the demurrer to thè answer.

This conclusion renders it .unnecessary for us to examine the second assigned error.

The last question is, did the court err in overruling the motion for a new trial? It is maintained that the court erred, for two reasons:

First, that the court erred in not requiring the prosecuting witness to state her reasons for not entering of record her agreement to dismiss. We are of the opinion that there was no error in this. The law did not require her to do it. She had the option either to do it or not to do it, as seemed to her best at the time. We presume that if she had been required to answer, she would have said that she. had become satisfied that she had made a very unfortunate agreement, and that she did not intend to carry it out, unless required by the law.

The second reason is, that the judgment is excessive. The judgment was for five hundred and twenty-five dollars to be paid in instalments. But it was ordered by the court that the first two instalments herein may be paid by the paying of two several notes as they severally become due, calling for fifty dollars each, and given by said defendant Reeves to the said relatrix Ellis.

It was said by this court in *Marlett* v. *Wilson's Ex'r,* 30 Ind. 240, in speaking of the liability of the putative father of a bastard child, that "his liability would only be for such judgment as might be rendered in a prosecution for bastardy under the statute, and if no such judgment was obtained there would be no liability whatever upon him. The natural obligation of the father to maintain his bastard offspring

cannot be enforced as in the case of a legitimate child.    The question of paternity must be settled by proceedings for that purpose, and such proceedings determine the whole extent and fix the limits of his legal obligation."

It was held by this court, in *Medler* v. *The State*, 26 Ind. 171, that "where the amount of the judgment is not such as to show an abuse of discretion, this court ought not to interfere in such cases upon that ground."

We are clearly of the opinion that there was no abuse of the discretion of the court, in rendering judgment in this case.

It is also claimed by the appellant that there was a mistrial, for the reason that there was no reply filed to the third paragraph of the answer.  The appellant, by going to trial without insisting upon a reply, waived all objection thereto, and he cannot be heard to complain in this court.  *Train* v. *Gridley*, 36 Ind. 241.

The judgment is affirmed, with costs and five per cent. damages.

*W. March* and *W. Brotherton*, for appellant.

*T. J. Sample*, for appellee.