Malson *v*. The State, *ex rel*. Wing.

No. 7640.

## MALSON *v*. THE STATE, EX REL. WING.

BASTARDY.—*Compromise, Evidence of.*—To entitle a defendant in a bastardy proceeding to give in evidence an agreement of compromise, it must be pleaded.

SAME.—*Death of Child.*—The death of a bastard child does not of itself require a dismissal of the suit.

SAME.—*Recovery.*—The recovery in bastardy proceedings is allowed, not for the benefit of the mother, but for that of the child.

SAME.—*Right of Minor Relatrix to Dismiss Proceedings.*—*Compromise.*—*Approval of Court.*—The act of March 13th, 1875, Acts 1875, Spec. Sess., p. 16. does not confer upon a minor relatrix in a bastardy proceeding the unrestricted right to compromise and dismiss the proceeding, but authorizes the court to examine into compromises made with infants, and to approve or reject them; and a defendant in such proceeding has no right to demand that the written statement of such a relatrix, that she had compromised with him, and desired the prosecution to be dismissed, should be placed of record, without any investigation by the court.

PRACTICE.—*Exclusion, of Evidence.*—*Supreme Court.*—*New Trial.*—No question upon the exclusion of evidence can be presented in the Supreme Court unless assigned as one of the reasons in the motion for a new trial.

From the Marion Circuit Court.

*G. H. Voss*, for appellant.

*A. C. Ayres*, *E. A. Brown* and *E. Wright*, for appellee.

ELLIOTT, J.—Appellant was prosecuted under the statute regulating proceedings in cases of bastardy, and appeals from the judgment rendered against him. Three points are made in his counsel's brief, and these we shall consider in their order.

It is contended that the court erred in refusing to permit the relatrix to cause to be spread of record a statement showing that she had compromised with and released the appellant, and desired that the prosecution against him should be dismissed. It appears that the attorney who represented the appellant presented to the court a paper signed by the relatrix, stating that she had made a compromise with the

appellant; that the child had died, and that she desired to dismiss the prosecution. It was, at the time the paper was presented, admitted that the relatrix was an infant, seventeen years of age. It further appears that the relatrix afterward came into court and desired to dismiss the prosecution; that this desire was made known through the attorney of appellant; that the court refused to permit a dismissal, and directed the trial to proceed; that thereupon, as the record recites, the attorney, who had presented the paper, "asked leave to withdraw his appearance in said cause so far as he had been appearing for the said relatrix, Alice Wing."

The question for our consideration is: Did the court do right in refusing to permit a dismissal of the prosecution? In support of appellant's contention that the court did not do right, we are referred to *Allen* v. *The State*, 4 Blackf. 122, *The State* v. *Wilson*, 16 Ind. 134, *Dodd* v. *The State*, 30 Ind. 76, *Canfield* v. *The State*, 56 Ind. 168, and *Evans* v. *The State*, 58 Ind. 587. We have examined these cases, and find nothing in them sustaining the appellant's position. Upon the contrary, we find doctrines declared which are hostile to it. The holding in *The State* v. *Wilson* is, that, to entitle the defendant in a bastardy proceeding to give in evidence an agreement of compromise, it must be pleaded; and this, certainly, is opposed to appellant's theory. *Evans* v. *The State* decides that the fact that the child had died did not preclude the relatrix from securing a recovery, and this doctrine can not be reconciled with appellant's claim, that the death of the child of itself authorized a dismissal. We deem it only necessary to say of the other cases cited that they contain nothing at all touching the question under discussion.

We are also referred to the act of 1875. That act confers upon an adult relatrix the right to compromise and dismiss the proceeding, but makes a different provision for cases where the relatrix is of non-age. The latter provision is as

follows: "If such witness be a minor, she may dismiss such suit, if it be first shown to the satisfaction of the court, in which the same is pending, that suitable provision has been made and properly secured for the maintenance of the child." We do not regard this provision as giving the minor an unrestricted right to enter into an agreement of compromise; but, on the contrary, we regard it as vesting in the court a supervisory control over the matter. There is nothing in the provision indicating an intention to confer upon the minor a general power to make a contract of compromise, and without some express statutory provision giving such power, the case must come under the general rule that infants can not enter into a contract. Independently of this consideration, the language used clearly requires that such contracts shall receive the sanction of the court before becoming effective. The recovery in bastardy proceedings is allowed, not for the benefit of the mother, but for that of the child. *Heritage* v. *Hedges,* 72 Ind. 247; *vide* authorities, p. 249. To permit a defendant in a bastardy prosecution to compromise with an infant relatrix, without subjecting the matter to the investigation of the court, would be to put it in the power of such person to impose upon and defraud, not only the relatrix, but the child also. The statute cited makes, as we have seen, a distinction between cases where the relatrix is an adult and those where she is a minor, and this was done for the purpose of placing the latter class of cases within the control of the court.

It is our opinion that the act of 1875 confers upon the court authority to examine into compromises made with infants, and necessarily included within this general authority is the incidental power to approve or reject. In the present case the facts disclosed by the record conclusively show that the court did right in rejecting the asserted compromise. The appellant had gained control of the relatrix, had taken her to the office of his own attorney, procured the latter to

Malson *v.* The State, *ex rel.* Wing.

profess to represent her interests as her counsel, and by promises secured the pretended agreement of compromise, without yielding any consideration.

The objection of the appellant was to the ruling of the court in refusing to permit a dismissal, and in refusing to permit the statement of the relatrix to go upon record. There was no objection or exception to the order directing that the trial should proceed. There was no request that the court should investigate the validity of the asserted compromise agreement. Upon the contrary, the demand was that the court should enter the written statement and the order of dismissal without investigation. There is, therefore, no question before us as to whether the court erred in ordering the trial to proceed without first investigating the merits and validity of the alleged contract of compromise. The sole question is, Did the appellant have a right to demand that the written statement should go of record without any investigation? The appellant certainly had no such right; for the statute to which his counsel refers clearly requires that no such agreement shall be effective until the matter has been investigated and the agreement approved by the court.

The second point made by appellant, and this is barely stated, not argued, is that the court erred in excluding evidence offered by the appellee. The record does not present the question discussed. The exclusion of the evidence was not assigned as one of the reasons for a new trial. There are few more familiar rules than the one which declares that a question upon the exclusion of evidence can not be presented upon appeal unless assigned as one of the reasons in the motion for a new trial.

It is argued that the finding is against the evidence. We have carefully examined all the evidence, and are fully satisfied that the charge against appellant was abundantly sustained, notwithstanding what was said by the relatrix in the

statement procured by the appellant from her. The circumstances surrounding the parties, the direct and fully proved admissions of the appellant, his conduct in endeavoring to procure a physician to produce an abortion, his conduct in suppressing and fabricating testimony, all combine to sustain the finding of the court, and with it we have neither the right nor the inclination to interfere.

Judgment affirmed, at the costs of appellant.