THE STATE OF KANSAS, *ex rel. Angie T. Church*, v. COR-
MAN H. YOUNG.

BASTARDY; *Entry of Satisfaction, Set Aside When—Made When.* The rela-
trix, an unmarried woman, pregnant with a bastard child, commenced a
prosecution before a justice of the peace under chapter 47 of Comp. Laws
of 1879, against the reputed father, to charge him with the maintenance
and education of the child, and while the proceedings were pending,
entered on the docket of the justice an admission that provision had been
made to her satisfaction for the maintenance of the child, as authorized
by the 16th section of said chapter, and dismissed such proceedings.
After the birth of the child, she commenced another prosecution for the
same cause and purpose, before another justice of the peace, who sus-
tained the charge, and recognized the defendant to appear before the
district court, and transmitted a transcript of his proceedings to that
court. In the district court the defendant pleaded the entry of satisfac-
tion on the docket of the justice of the peace in the first prosecution, in
bar. *Held*, (1) That as the relatrix was induced to make such entry of
satisfaction by the false representations, deceit and fraud of the defend-
ant, such satisfaction and entry are void, and not a bar to these proceed-
ings for the same cause and purpose. *Held*, (2) That such entry of
satisfaction may be made before final judgment in any court in which
the prosecution is pending.

*Appeal from Atchison District Court.*

PROCEEDING by *Angie T. Church* against *Corman H. Young*,
under the act providing for the maintenance of illegitimate
children. Trial at the November Term, 1883, and judgment
for the defendant. The relatrix brings the case to this court.
The facts appear in the opinion.

*C. F. Cochran*, county attorney, and *C. L. Botsford*, for
relatrix.

*Everest & Waggener*, for defendant in error.

The opinion of the court was delivered by

HURD, J.: Proceedings under the act providing for the
maintenance and support of illegitimate children. (Ch. 47,
Comp. Laws of 1879.) In April, 1883, the relatrix, Angie
T. Church, charged the defendant with being the father of a

child of which she was then pregnant, before R. B. Drury, a justice of the peace of Atchison county. The justice issued his warrant and the defendant was arrested, and afterward, and on the 15th day of April, while such proceeding was pending before said justice, the relatrix and defendant appeared before the justice and the release or satisfaction authorized in the 16th section of the act was entered upon the docket of the justice.

In September, 1883, and after the birth of the child, the relatrix commenced these proceedings before J. L. Phelps, a justice of the peace of Atchison county; and on a trial such justice found that the child was a bastard, and that defendant was the father of the child as charged in the complaint, and ordered and recognized him to appear in the district court of Atchison county, pursuant to the 5th section of the act before mentioned, and afterward transmitted his proceedings to that court. The defendant filed in such proceedings in the district court, his plea in bar, setting up by copy and proper allegations the satisfaction entered on the docket of Drury, justice of the peace. The plaintiff answered the plea, alleging that such satisfaction was obtained by the willful, false, fraudulent and intentional misrepresentations and deceit of the defendant. The defendant replied to this answer, denying all the material allegations of it, and alleging that he paid the relatrix sixty dollars as the full consideration for such satisfaction. The issues presented by the plea in bar, answer and reply, were tried by the court, and the following findings of fact and conclusions of law thereon were made by the court:

"1. On March 10, 1883, Angie T. Church, an unmarried woman, who was then pregnant with a bastard child, made and filed a complaint thereof in writing, under oath in due form of law, before R. B. Drury, a justice of the peace of Atchison county, Kansas, charging the defendant Corman H. Young with being the father of such child; and thereon said justice of the peace issued his warrant in due form of law for the arrest of said defendant, and he was duly arrested on the same day and brought before said justice of the peace, and by agreement between the defendant and the county attorney of said county, who appeared on behalf of the state of Kansas, and on behalf of the complainant, the examination was postponed and con-

tinued.until March 13, 1883, and by like agreement the examination was, on March 13, 1883, adjourned and continued until March 19, 1883.

"2. On the night of March 12, 1883,.the defendant had an interview with the complainant at her uncle's house, in Atchison, where she made her home, with a view to a dismissal of said prosecution against him. He asked her what she wanted him to do, and.she said that the proper thing for him to do was to marry her. He replied that he could not do so at that time, for the reason that he was a married man and had a wife living. She expressed her surprise at this, when he added that he had never lived with his wife any length of time, that he found out that she was a bad woman, and was being supported by other men, and that he was going to get a divorce from his wife, and he would then marry the complainant. On the next evening another interview was had between them, and their trouble was further talked over, but nothing more definite arrived at, the defendant still telling the complainant that he was married, but that he was going to get a divorce and would then marry her.

"3. On March 15, 1883, at the request of the complainant, the defendant had another interview with her, which was at the office of his attorneys. He then agreed to pay her $10 down, and $50 more in a few days, and that after he got a divorce from his wife he would marry complainant and take care of her and the child, and she agreed to dismiss the prosecution. He then paid her the $10, and they went in company with one of her attorneys to the office of said justice of the peace, who at their request produced his docket of proceedings in said case. The following, which was then and there signed by her in the presence of said justice of the peace, namely:

'I hereby dismiss this action, and acknowledge that provision for the maintenance of the child of which I am pregnant has been made to my satisfaction. Dismissed at my cost, March 15, 1883.
( Signed )      Angie T. Church.'

"And said justice of the peace then wrote the proceeding in said case on his docket as follows, namely:

'The defendant and complaining witness appeared personally, and after paying all costs, the complaining witness acknowledges that provision has been made for the child of which she is now pregnant, to her satisfaction.'

"And thereupon said action was dismissed. About two weeks afterward the defendant paid the complainant the further sum of $50, in pursuance of said agreement. On or about

June 1st, 1883, the complainant gave birth to an illegitimate son. Before said time she went away from Atchison, and she paid for her board and for medical attendance and nursing, and thereby the money which the defendant had furnished her was exhausted, and she became indebted in the further sum of about $50.

"5. The defendant is not and has never been married, but he told the complainant that he was in the first place, as an excuse for not marrying her, and thereafter he continued to reiterate the same, and he promised to marry the complainant after he should obtain a divorce, in order to keep on good terms with the complainant and to effect an advantageous settlement of the case. From the time that he told her, on March 12th, 1883, that he was married, until long after the dismissal of the case, the complainant believed that the defendant was married, and at the time of the dismissal she believed that he would marry her after he obtained a divorce, but he did not at any of said times intend to marry her.

"6. The complainant fully understood when she signed said acknowledgment on the docket, that the same operated as a dismissal and settlement of said prosecution, and she so intended it. She has never returned nor offered to return to the defendant the sum of $60 so paid to her by the defendant, nor any part thereof. And the defendant has never married the complainant nor offered to do so, and he is unwilling to do so."

CONCLUSIONS OF LAW.

"1. Said proceedings before R. B. Drury, justice of the peace, constitute a bar to this prosecution.

"2. This prosecution should be dismissed at the cost of the complainant."

The relatrix excepted to the findings of fact and conclusions of law, and filed a motion for a new trial, which was overruled. The court rendered judgment upon the findings as follows:

"It is therefore considered and adjudged by the court here, that the plea in bar of defendant be sustained, and that this action be and the same is hereby dismissed, and that the defendant, Corman H. Young, be discharged, and that he go hence without day. It is further ordered and adjudged by the court here, that the complainant pay all costs herein, taxed at $———, and that execution issue for the same."

By the statute under which this proceeding was commenced, the right to prosecute the father of a child, born, or likely to be born, a bastard, is with the mother of the child, and it is optional with her whether she will prosecute, or not.

After a prosecution is commenced, the statute provides that it may be discontinued and dismissed by an entry on the records of the court, substantially as was done in the case before Drury, justice of the peace. We think the main, and probably only purpose of this entry on the records of the court was and is, that the records may show in what manner and for what cause the proceeding was disposed of, and to show by what authority the court discharged the defendant.

This entry of satisfaction, as between the relatrix and the defendant, is a contract, or the evidence of a contract, and as such is open to inquiry as to its consideration, to the same extent and on the same grounds and for the same causes as if it had been made without such proceedings, and without the intervention of a court. And if its execution is shown to have been procured by the fraud of the defendant, it may be set aside in the same manner as other contracts impeached for fraud. The entry of the satisfaction on the records of a court adds nothing to its sanctity or validity.

We think it was not the intention of the legislature in passing this statute, that the bare entry of the satisfaction on the records of the court should be an absolute bar to all other prosecutions for the same cause and purpose, no matter on what consideration or how the execution of it was procured, but that the intention was, that the rules of law applicable to contracts and writings of like character should be applied to it, and if found to be fraudulent, it might be set aside.

The plaintiff in error, in answer to the plea in bar, charged that the relatrix was induced to execute this satisfaction on the records of the justice's court by the willful, fraudulent and intentional misrepresentations and deceit of the defendant, made to her before its execution, and the court below has found that these allegations are substantially true, and further found that such representations were made for the purpose of inducing

the settlement of the suit against him, and the execution of the satisfaction on the records of the justice's court. That this entry of satisfaction was procured to be executed by fraud, we think the findings abundantly show, and having been so procured to be made, was and is void, and the court below by its conclusions of law and judgment should have so held and determined.

Counsel for the plaintiff contend that the satisfaction provided for by the statute could only be made in the district court, after the proceedings were transferred to it. The section of the statute is too plain to admit of this construction. It is as follows:

"The prosecuting witness may, at any time before final judgment, dismiss such suit, if she shall enter of record and admission that provision for the maintenance of the child has been made to her satisfaction."

This means that the entry may be made at any time before final judgment in any court in which the proceedings are pending.

The rule of law that the consideration received under a contract claimed to be void for fraud, must be returned before it can be avoided, contended for by defendant's counsel, is not disputed, but we think it does not apply to this case. The court below did not find that the sixty dollars was the consideration for the execution of the satisfaction by the relatrix, or that it was received by her for the maintenance of the child, and the law does not require the relatrix to return or offer to return the sixty dollars in order to maintain this suit.

The judgment is reversed, and the cause remanded with instructions to the court below to enter judgment upon the findings in favor of the plaintiff, and proceed to the trial of the cause in the same manner as if the plea in bar had not been interposed therein.

All the Justices concurring.