Gunkle v. The State.

C. J. GUNKLE V. THE STATE OF KANSAS, *ex rel.*
*Maude McClure.*

No. 13,980.    (79 Pac. 1087.)

SYLLABUS BY THE COURT.

BASTARDY—*Defense of Former Settlement Must be Pleaded.* In a proceeding brought under the statute relating to the maintenance of illegitimate children (Gen. Stat. 1901, ch. 47) to charge the putative father with the support of the child of the complaining witness a defense based upon a claim that a valid settlement had been made prior to the commencement of the proceeding cannot be considered, where it has not been pleaded; and where no pleading has been filed by the defendant it is not error for the district court to refuse to admit evidence in support of such claim.

Error from Lyon district court; DENNIS MADDEN, judge. Opinion filed March 11, 1905. Affirmed.

*Kellogg & Madden,* for plaintiff in error.

*W. C. Roberts,* county attorney, and *W. W. Brown,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: A proceeding brought under chapter 47 of the General Statutes of 1901 to charge C. J. Gunkle with the support of the illegitimate child of Maude McClure resulted in a judgment against him, from which he prosecutes error. At the trial in the district court the defendant offered in evidence a contract of settlement executed by the complaining witness before the proceeding was begun, reciting that such a proceeding had been threatened and that Gunkle, desiring to settle the matter, had made provision for the maintenance of the child to her satisfaction. The plaintiff objected to the admission of this document upon the ground that under the statute no valid settlement can be effected otherwise than by action taken in court after a formal complaint has been

made, and upon the further ground that, no pleading
having been filed by the defendant, he could not give
evidence of a prior settlement, because a defense of
that character is available only when specifically
pleaded. The objection was sustained, and the only
question presented on review is whether error was
thereby committed.

The statute referred to, which prescribes the
method of procedure in this class of cases, was
adopted in 1868, and was presumably borrowed from
Indiana, since it is nearly a literal copy of the act then
in force in that state. It makes no provision in ex-
press terms for any written pleading other than the
original complaint charging the defendant with being
the father of the child of the prosecuting witness.
But section 8 (Gen. Stat. 1901, § 3327) reads as fol-
lows:

"The trial and proceedings of such prosecution,
both before the justice and in the district court, shall
in all respects not herein otherwise provided for be
governed by the law regulating civil actions."

Prior to the enactment of this law by the Kansas
legislature the supreme court of Indiana had held that
under substantially the same statutory provisions the
defendant could not interpose as a defense that he
had made a settlement with the complaining witness
without having so pleaded. (*The State v. Wilson*
[1861], 16 Ind. 134; *The State, on the relation of
Conner, v. Reynearson* [1862], 19 id. 211. See, also,
*Carter v. The State, ex rel. McKee,* 32 id. 404, and
*Malson v. The State, ex rel. Wing,* 75 id. 142.) This
consideration is entitled to great weight, and should
probably be deemed controlling; but we are satisfied
to place the decision of the question upon reason as
well as upon authority. The statute contains these
provisions with regard to the trial, verdict, and judg-
ment:

"§ 11. If the defendant in the district court deny

the charge, the issue shall be tried by the court or a jury.

"§ 12. If the court or jury find that the defendant is the father of such child, or such defendant in court shall confess the same, he shall be adjudged the father of such child, and stand charged with the maintenance and education thereof.

"§ 13. Such court shall, on such finding or confession, render such judgment and make such order as may seem just for securing the maintenance and education to such child." (Gen. Stat. 1901, § 3330-3332.)

The effect of section 11 may be to give the defendant the benefit of a mere denial without filing any formal pleading. If he denies the charge in any way he is perhaps entitled to a trial of "the issue" so raised. But what issue is this? Obviously, from the language used and from the context, it can only be the question whether the defendant is the father of the child. That is the issue, and the only issue, that is raised or can be raised by the denial of the charge made. It is the issue, and the only issue, to which a verdict or finding that the defendant is or is not the father of the child responds. To this extent it may be said that the special statute has varied the requirements of the usual procedure in civil cases, and exempted the defendant from the necessity of filing a mere general denial; but the exemption extends no further, and if he wishes to be heard upon any new matter which he may claim to constitute a defense it is incumbent upon him to present it by a pleading upon which an issue may be made up in an orderly manner, according to the usual procedure in civil cases.

While this court has not heretofore been called upon to decide this question, it is worthy of note that the practice adopted in *The State, ex rel., v. Young,* 32 Kan. 292, 4 Pac. 309, conformed to the rule which we now announce. There the defendant in a proceeding brought under this statute claimed that he

stood discharged of all liability by reason of a prior settlement made with the complainant. He brought the matter to the attention of the district court by a plea in bar, and a trial of the issue so tendered was had in advance of the investigation of the question of the truth of the charge made against him. It is of course unimportant by what name his pleading may be designated, but we hold that the defendant can be heard upon a claim of former settlement only after he has pleaded it; that he cannot raise such a question merely by an offer of proof made during the trial of an issue which relates only to the paternity of the child.

This holding makes it unnecessary to consider whether an effective settlement in such a case can ever be made prior to the commencement of a proceeding under the statute.

The judgment is affirmed.

All the Justices concurring.