GENEVIEVE B. WEICHEL ET AL., APPELLEES, V. ALBERT H. WEICHEL, APPELLANT.

FILED MAY 17, 1919. No. 20479.

1. **Husband and Wife:** CONTRACT FOR SUPPORT: VALIDITY. A contract between the husband and wife, providing for payments for support of wife and child, made pending a prosecution of the husband for wife and child abandonment under the criminal statute (Rev. St. 1913, sec. 8615), and further providing that the criminal proceedings should be "indefinitely suspended" until default of a payment, is not void as against public policy.

2. ———: ———: BOND: VALIDITY. A bond, given in the principal sum of $1,000, "and more if required," to secure the payments promised in such contract, is not void because in excess of the amount prescribed by the statute, providing for such a bond, limiting it to $1,000. Rev. St. 1913, sec. 8615.

APPEAL from the district court for Cass county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

*D. O. Dwyer,* for appellant.

*W. A. Robertson, contra.*

CORNISH, J.

The question for decision is whether the bond, given to secure certain weekly payments for the support of the husband's wife and child, provided for in a' contract had between husband and wife, is void.

The wife had instituted proceedings against the husband for wife and child abandonment. The contract provided that it should not operate against criminal proceedings for abandonment, and that the case pending should be ''indefinitely suspended'' until default in a payment. The bond was in the sum of $1,000 ''and more if required,'' to cover the payments promised.

The surety on the bond assigns error in the court's overruling of his demurrer to plaintiffs' petition. His contention is that the contract and bond were void as against public policy in agreeing to indefinitely suspend the prosecution of a criminal proceeding, and also that the bond is void in that the liability under it is greater than the amount limited in the wife abandonment statute, to wit, $1,000. Rev. St. 1913, sec. 8615.

The statute invoked, although criminal in form, is really a species of civil action enacted for the purpose of coercing the husband into doing his duty toward his family. The public is interested only as the family may become a public charge. The wife may maintain an action for separate maintenance. The statute provides that the parties may agree upon payments for support, and the defendant, upon giving bond for support approved by the court, may be released from custody. We are of opinion that such a contract and

bond are supported by sufficient consideration, and are not such an interference with the administration of justice as to be against public policy. 13 C. J. 454, sec. 396.

By the statute the bond may be not less than $200 nor more than $1,000. The $200 limitation is for the benefit of the wife; the $1,000 for the benefit of the husband. If we say that the bond in question was for more than $1,000, then, in accordance with the statute, the husband might have gone into court and had it reduced. This he did not do. Why should the wife be required to do it upon penalty of the bond otherwise being declared void? This would be to let the husband profit by his own wrong. Should we not say that the bondsman waived the provision by not objecting to it at the time? Or, if we treat the bond as a statutory bond, must we not hold, as the courts do in such cases (if not inconsistent with the statute), that the clause, creating the contingent liability in excess of $1,000, is surplusage, and not available to either party for the purpose of defeating the bond? *United States Fidelity & Guaranty Co. v. McLaughlin*, 76 Neb. 307; 4 R. C. L. 54, sec. 14; *Maxwell v. Campbell*, 8 Ohio St. 265; *Hoit v. Cooper*, 41 N. H. 111; *Gunkle v. State*, 71 Kan. 76.

The judgment was for $41. The limitation of liability is not argued in the briefs. We are of opinion that the bond is valid, at least to the extent of $1,000 liability.

In *Peters v. Killian*, 63 Neb. 57, cited by appellant, the holding is that the settlement, pleaded by the defendant in a bastardy case, would not stay the prosecution in behalf of the mother because the settlement was not of such a character, or attested in the manner prescribed by the statute. The wife could not and does not make such a plea here.

AFFIRMED.

SEDGWICK and ALDRICH, JJ., not sitting.