COCHNOWER *v.* COCHNOWER.

RECORD MUST SHOW SERVICE OF PROCESS.—When a judgment is entered by default, the record must show that the defendant has been properly notified of the pendency of the suit.

SAME.—DIVORCE.—When a decree for divorce is taken by default, and the record fails to show any sufficient notice to the defendant of the pendency of the suit, the objection may be made on appeal, without any application to the court below for relief.

SAME.—NOTICE BY PUBLICATION.—The record of a decree of divorce, taken by default, contained this entry: "Comes now the plaintiff and makes proof of publication in this cause." The notice and proof were not contained in the record.

*Held*, that the record did not show any legal notice to the defendant of the pendency of the suit.

APPEAL from the *Jefferson* Common Pleas.

FRAZER, J.—This was a suit for divorce.    There was a default and decree of divorce.    The record discloses that an affidavit was filed with the complaint, showing the nonresidence of the defendant.    There is nothing showing that

any notice of the pendency of the suit was, in any manner, given to the defendant, unless the following entry contains it: "And now comes the plaintiff and makes proof of publication in this cause." The defendant appeals.

It has been long settled that a failure in the record to show that the defendant has been properly notified of the pendency of the suit is error. Where a judgment is obtained by default, the statute requires that the summons and return, or notice and proof of publication thereof, if filed, shall be a part of the record. In some cases it has been held that, under our code, the question cannot be first made in this court, but that a previous application must be made in the court below for relief. This doctrine, so broadly stated, may well be doubted, and it may be that it needs some limitation. Prior to the code, the writ of error afforded a remedy, and it is not easy to discover the statute which has in all cases taken that remedy away. Other remedies, sufficient in many cases, have been provided, though they do not, in express terms, purport to be exclusive, even in the cases in which they would be sufficient. But neither sections 99 and 356 of the code, nor the sections relating to the review of judgments, furnish any remedy to a party who remains ignorant of a judgment against him until too late to resort to those proceedings, nor are they available at all in a divorce case. A judgment for divorce cannot be disturbed by proceedings below, after the term at which it has been rendered. *Ewing* v. *Ewing*, 24 Ind. 468. To the party against whom judgment has been rendered without any notice, it is mere mockery to say, "you should have saved the question by an exception below." It would be but a form of words, in many cases, to express a denial of justice, and to give notice of the binding efficacy of a judgment against one who has had no day in court.

While there may be sound reason to require that advantage shall not be first taken in the appellate court of a defective return of service, which might have been amended below if attention had been there called to it, and where

the defendant had such knowledge of the suit as gave him opportunity to make the question there, we are unable to support, by a single weighty consideration, a rule which requires the performance of impossibilities below, as a condition precedent to the right to be heard in this court. When the legislature makes such a rule, we shall administer it, but we will not be responsible for its origin. Accordingly, in *Abdil* v. *Abdil*, 26 Ind. 287, where, without any process, a default was entered and a judgment rendered, we reversed the judgment for the error in entering the default.

In the case before us, the appellant can have a remedy only by appeal to this court. The statutes of the State have hedged up every other mode of escape from a judgment of divorce, obtained without any notice whatever of the pendency of the suit against her. The record before us utterly fails to show anything done which the law requires to bring a defendant into court. A notice was published. Notice of what? Whether of the pendency of the suit, or of the taking of depositions, as authorized by section 248 of the code, we are unable to know. The notice itself is not in the record, as it should be, and as we may suppose it would have been, if its presence there would be of service to the appellee, who alone had control of it.

The reversal of the case must follow what has been already said, and we feel confident that a different decision of this question would invite innumerable frauds upon the courts of this State, and multiply reproaches upon our divorce laws, already sufficiently a subject of comment.

It will be seen that the conclusion at which we have arrived is not in conflict with the judgment in *Blair* v. *Davis*, 9 Ind. 236, or *Harlan* v. *Edwards*, 13 *id.* 430, or *The Cincinnati R. R. Co.* v. *Calvert*, 13 *id.* 489. But we think, upon a careful examination of the subject, that the language of those cases is too broad and unguarded. It would justify the inference that in all cases of judgments by default a motion must be made in the court below to set aside the default, or some proceeding instituted there to obtain

relief, before the question can be presented to this court. As to those cases, the rule is well enough, and can work no harm; but we are of opinion that its universal application would, as we have endeavored to show, be productive of much mischief, and is not warranted by the law.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*C. E. Walker* and *A. D. Matthews*, for appellant.