33   111
143   670

STRADER and Others *v.* MANVILLE, Treasurer.

LAW and Others *v.* SAME.

MONROE, Treasurer, *v.* STRADER and Others.

TAX.—*Bank Stock.*—*National Bank.*—The capital stock of a National bank originally organized under the act of Congress of 1863, is not exempt from taxation under the act of our Legislature of March 15th, 1867 (Acts 1867, p. 216).

SAME.—*Tax Duplicate.*—*Auditor and Treasurer.*—Where the assessment un-

der said act of 1867 has been omitted by the county auditor, and he has delivered the tax duplicate to the treasurer, the latter should insert it, but if a correct assessment be made by the auditor after such delivery and acted upon by the treasurer, it is sufficient.

SAME.—*Injunction.*—Where the correctness of an assessment so made by the auditor, in the number of the shares and the amount of the tax, was not questioned;

*Held,* that an injunction would not lie to restrain the collection of the tax because, the officers of the bank having failed to deliver to the auditor the statement provided for in the second section of the act of 1867, he did not summon them before him and obtain from them such statement.

SAME.—*Residence of Stockholder.*—The capital stock of a National bank, liable under the act of 1867 to taxation at the place where the bank is located, is not also liable under the general law to taxation again at other places where the stockholders reside.

APPEAL.—*Default.*—Where a judgment has been taken against a defendant by default, on a complaint which does not state facts sufficient to constitute a cause of action, he may appeal to the Supreme Court, assigning the insufficiency of the complaint as error, without having made a motion for relief below.

APPEAL from the Jefferson Circuit Court.

RAY, J.—The only points made in either of the above cases not already decided in *Whitney* v. *Ragsdale, Treasurer,* at the present term, *ante,* p. 107, will be stated as they are ruled.

The counsel have applied one brief to the cases, and one opinion will therefore be pronounced.

First, the banks were organized under the act of 1863, which did not in terms authorize state taxation. But the act of 1864 repealed the former act, as was provided in the act of 1863 might be done, and continued the existence of the banks already organized under the act of 1863. 2 Brightly's Digest, 72, sec. 65.

Second, the assessment was placed upon the tax duplicate by the auditor after he had delivered it to the treasurer. It was made the duty of the auditor, by the act of 1867, to place the tax upon the duplicate, and the act does not in terms limit the time within which this may be done. Under the general law, it is made the duty of the treasurer to add omitted names, and we have held that where this duty

was performed by the auditor and acted upon by the treasurer, it was sufficient. *Rieman* v. *Shepard, Treasurer*, 27 Ind. 288. This property being declared taxable, under the general law the treasurer should have inserted it if it were omitted by the auditor. Here it is not denied that the amount is correct.

Third, the names of stockholders were not returned by the bank officer, and the auditor did not, as he was empowered, summon them before him and from them obtain such a statement. Still, as the correctness of the assessment, in number of shares and amount of tax, is not questioned, a court will not grant the use of an extraordinary remedy issued by a court of equity, to aid the parties in avoiding an amount equitably and, in our view, legally due. The third section of the act of 1867, p. 216, authorizes the auditor to make such investigations at the expense of such bank as may enable him to obtain the information required. This does not limit him to an examination of the officers of the bank.

The objection is made that the owners of stock would, under this, be liable to taxation at the point where the bank is located and under the general law again at their places of residence. When the general law was passed, this class of stock was not taxed, and is now only liable to taxation at the point where the bank is located.

The judgment in the case of Strader *et al.* v. Manville, Treasurer, is affirmed, with costs.

*C. E. Walker, W. S. Roberts, T. A. Hendrick, O. B. Hord,* and *A. W. Hendricks*, for appellants.

*H. W. Harrington* and *C. A. Korbly*, for appellee.

The judgment in Law *et al.* v. Manville, Treasurer, is affirmed, with costs.

*C. E. Walker, W. S. Roberts, T. A. Hendricks, O. B. Hord,* and *A. W. Hendricks*, for appellants.

*H. W. Harrington* and *C. A. Korbly*, for appellee.

In Monroe, Treasurer, by Manville, his successor in office,

v. Strader et al., judgment was taken by appellees by de-
fault. The error assigned in this court is, that the com-
plaint does not state facts sufficient to constitute a cause of
action. It is objected, that after default, a motion must be
made to set the judgment aside before the appeal can be
prosecuted. That is true where some action by the court
below might have been had to avoid some technical objec-
tion, as to an imperfect return of service, or the like. But
the rule does not have a general application. Abdil v. Ab-
dil, 26 Ind. 287; Cochnower v. Cochnower, 27 Ind. 253. If
a motion to set aside this default were granted, still the ap-
pellant could not be required to raise this question by de-
murrer, and his failure to do so would not waive the objec-
tion. The complaint in this case is subject to the same ob-
jections as in Whitney et al. v. Ragsdale, supra.

The cause is reversed and remanded, with directions to
the court below to set aside all proceedings subsequent to
the complaint.

H. W. Harrington and C. A. Korbly, for appellant.

C. E. Walker, for appellees.