Wright *et al. v.* Norris, Guardian.

--------o--------

## WRIGHT ET AL. *v.* NORRIS, GUARDIAN.

PLEADING.—*Default.*—*Assignment of Error.*—A complaint by A., as guardian, alleged that the defendant on, etc., by his note, "of that date," promised to pay B., "the successor of plaintiff," seven months after the date thereof, the sum of, etc., which remained unpaid. A copy of the note payable to B., by name, without further designation, was given. Judgment was taken by default.

An appeal was taken to the Supreme Court, and error was assigned, that the complaint did not state facts sufficient to constitute a cause of action.

*Held,* that the error was properly assigned for this cause in the Supreme Court, without any motion to set aside the default; and that the complaint was insufficient.

APPEAL from the Washington Common Pleas.

DOWNEY, J.—This action was brought by the appellee against the appellants; there was judgment by default against the defendants, and they have appealed. The question, and the only question, in the case is as to the sufficiency of the complaint. After stating the name of the state and county, giving the name and term of the court, and the names of the parties, it is as follows:

"Thomas B. Norris, guardian of Laura Wright and Joel Wright, complains of Levi Wright and David Colglazier, and says that the defendants, on the 18th day of August, 1864, by their note of that date, a *copy of which is* filed herewith, promised to pay Sanford Carter, the successor of plaintiff, seven months after the date thereof, the sum of three hundred and fifty dollars, with interest from date; that on the 14th day of June, 1866, the defendant paid twenty-one dollars; May 8th, 1867, thirty-five dollars; and that the balance remains due and unpaid; wherefore plaintiff demands judgment for five hundred dollars." Signed by counsel.

The note, a copy of which is filed with the complaint, is as follows:

"AUGUST 18th, 1864.

"Seven months after date we promise to pay to the order of Sanford Carter three hundred and fifty dollars, for value received, without relief from valuation or stay laws, with interest from date.

"LEVI WRIGHT,

"DAVID COLGLAZIER."

We think the complaint fails to show that the plaintiff, as guardian or otherwise, has the right to sue on the note in question. What might be the case if it were shown that the money mentioned in the note was the money of the plaintiff's wards, and that the note therefor was taken to Carter,

as the guardian of the infants, and predecessor of the plaintiff in the trust, we need not decide.

The objection to the complaint may be taken by assigning the insufficiency thereof as error, as is done in this case, although no demurrer to it was filed below, and notwithstanding there was judgment by default and there has been no motion to set it aside. *Monroe* v. *Strader*, 33 Ind. 111.

Appellee is unrepresented by counsel.

. The judgment is reversed, with costs, and the cause remanded.

*R. A. Black*, for appellant.