### Odell et al. *v.* Carpenter.

No. 6892.

Promissory Note —*Joint Contract.—Judgment.— Merger.—*A suit and judgment upon a joint note against one promisor is a bar to a subsequent suit against the other makers thereof, the note being merged in the judgment.

Judgment —*Reversal of.—*The judgment of the Supreme Court in the case of *Emmons et al.* v. *Carpenter,* 55 Ind. 329, reversed the entire joint judgment of the circuit court against all the defendants,

Practice.—*Party may Appeal to Supreme Court from Judgment on Default.* —A party against whom a judgment by default has been rendered may appeal therefrom directly to the Supreme Court, without having first applied to the trial court to set aside such judgment.

From the Fountain Circuit Court.

*J. McCabe* and *M. Milford*, for appellants.

*J. H. Voliva, L. Nebeker, S. M. Cambern, T. L. Stilwell, H. H. Dochterman, H. H. Stilwell* and *J. B. Martin,* for appellee.

Howk, J.—On the 15th day of March, 1875, the appellee, as plaintiff, filed his complaint in this action, in the Fountain Circuit Court, against John Emmons, Telemachus Odell, and William W. Ennis, administrator of the estate of Elkanah Clark, deceased, as defendants. The complaint counted upon a promissory note, of which the following is a copy :

"$1,100.00.                    Attica, Sept. 19th, 1873.

"Twelve months after date, we promise to pay to the order of Daniel Carpenter eleven hundred dollars, value received, with ten per cent. interest from date until paid, without any relief from valuation or appraisement laws. If this note is not paid at maturity, the undersigned agree to pay expenses of collection, including attorneys' fees. The drawers and endorsers severally waive presentment for payment, protest, notice of protest and nonpayment of this note.    (Signed)    E. Clark,

"John Emmons,

"T. Odell."

It was alleged in the complaint, that Elkanah Clark, one of the makers of said note, had died, and the defendant William W. Ennis had been duly appointed administrator of said decedent's estate ; and that the note and attorneys' fees remained unpaid. The defendants Emmons and Odell appeared and answered, and the cause as to each of them was put at issue ; and the defendant Ennis made default. On the 4th day of June, 1875, the cause was tried by the court, resulting in a finding and judgment in favor of the plaintiff, and against all of the defendants, for the amount due on said note. From this judgment an appeal was taken, which was

heard and determined by this court at its November term, 1876; and the opinion and judgment of this court, reversing the judgment below, are reported under the title of *Emmons* v. *Carpenter*, 55 Ind. 329.

When the cause was remanded to the circuit court for further proceedings, at the September term, 1877, of said court, the death of said John Emmons, one of the makers of said note, pending this suit, was suggested to the court, and, on motion, the name of William H. Emmons, administrator of the estate of said John Emmons, deceased, was substituted as a defendant in the decedent's stead. The defendants Odell and Emmons, administrator, with leave of the court first had, then filed an additional and supplemental paragraph of answer, in which they alleged, in substance, that on the 4th day of June, 1875, in the Fountain Circuit Court, in this action as then and there pending on the same cause of action, judgment was duly rendered against all the defendants for $1,383; and that the said judgment, as against the defendant William W. Ennis, administrator of the estate of said Elkanah Clark, deceased, was still in full force and effect, and valid and not appealed from; and they asked judgment for costs. To which additional paragraph of answer, the appellee replied in two paragraphs, of which the first was a general denial. In the second paragraph of his reply, the appellee alleged, in substance, that on the 4th day of June, 1875, in this action then pending in the court below, he recovered a joint judgment against all the defendants therein for the amount named in said additional paragraph of answer, and the costs of suit; that the defendants Odell and said John Emmons appealed from said judgment to this court; and that, on said appeal, this court reversed the said joint judgment of the said circuit court, and remanded the said cause to the court below for a new trial.

The issues joined were tried by a jury, and a verdict was

returned for the appellee for the full amount then due on said note; and thereupon the defendants' motion for a judgment in their favor, notwithstanding the verdict, was overruled by the court, and to this ruling they excepted. The motions of the defendants Odell and Emmons, administrator, for a new trial and in arrest of judgment, were severally overruled by the court, and their exceptions were duly saved to these decisions; and the court rendered judgment on the verdict, against all the defendants. From this judgment the defendants Emmons, administrator, and Odell, prayed an appeal to this court; but all the defendants, as appellants, have filed here a joint assignment of errors.

The appellants have assigned, in this court, a number of supposed errors; all the questions discussed by their counsel in argument arise under and are presented by, if at all, the alleged error of the circuit court in overruling the motion for a new trial. We need not, therefore, notice any of the other alleged errors, nor consider any of the questions arising thereunder, in this opinion. In their motion for a new trial, the appellants Emmons, administrator, and Odell, jointly assigned the following causes therefor:

1. The verdict of the jury was contrary to law;

2. The verdict was not sustained by sufficient evidence;

3. The verdict was contrary to the law and evidence;

4. The court erred in excluding from the jury the record, pleadings and judgment, together with the judgment of reversal thereof by the Supreme Court, when offered by the appellants in evidence;

5. The court erred in each of its instructions to the jury, given of its own motion;

6. The court erred in overruling their motion for a judgment in their favor, *non obstante veredicto;* and,

7. The court erred in directing the jury to retire to

their room to return another and different· verdict and change the verdict by them returned, after they had separated.

In their brief of this cause in this court, the appellants' counsel first present for the decision of this court this question: "Is not the note in suit merged in the judgment taken against William W. Ennis, administrator of Clark, on the 4th day of June, 1875?" The copy of the note in suit, above set out, will show that the suit was brought on the joint note of the three makers thereof. It needs no argument to convince this court, that if a judgment had been obtained on this note against any one of the makers thereof, or his representatives, and such judgment had remained in full force, and not annulled or reversed, no separate action could thereafter be maintained on said note against the other makers thereof; for, in such a case, the note would be merged in the judgment rendered, and after such merger it would not constitute a cause of action against any of its makers. This is the rule of the common law, and it has been so long and so often recognized and acted upon by this court in the decision of causes, that it must be regarded as much a part of the law of this State, as if it had been made so by the positive provisions of an express statute. The common law rule is, that a suit and judgment upon a joint note against one promisor is a bar to a subsequent suit against another, the note being merged in the judgment. *Archer* v. *Heiman,* 21 Ind. 29 ; *Crosby* v. *Jeroloman,* 37 Ind. 264; *Barnett* v. *Juday,* 38 Ind. 86; *Root* v. *Dill,* 38 Ind. 169 ; *Holman* v. *Langtree,* 40 Ind. 349; and *Lingenfelser* v. *Simon,* 49 Ind. 82.

We have no doubt in regard to this rule of law invoked by the appellants' counsel, but we do not think that it is at all applicable to the case made by the record. If the case were as the appellants alleged it to be in the additional paragraph of their answer above stated in sub-

stance, then, perhaps, the rule would be applicable. The gist of this paragraph of answer is, that the joint judgment first rendered in this action, on the 4th day of June, 1875, against the surviving makers and the administrator of the deceased maker of the note in suit, was still in full force against said administrator, and not appealed from or reversed as to him; while the implication was, though it was not alleged, that as to the then surviving makers such judgment had been reversed. There is no evidence, however, in the record before us to sustain the allegations of this paragraph of answer. It is claimed by the appellants, and was assigned as the fourth cause for a new trial in their motion therefor, that the court erred in excluding from the jury the record, pleadings and judgment of the court, together with the judgment of reversal thereof by this court, when offered in evidence by them to sustain their additional paragraph of answer. The evidence thus offered by the appellants, and the decision of the court in excluding the same from the jury, were made parts of the record of this cause by a proper bill of exceptions; and it appears therefrom, that the court excluded the evidence offered on the ground, among others, that, by the reversal of the judgment by this court, it was reversed as to the administrator of the deceased maker, as well as the then surviving makers, of the note in suit.

We are of the opinion, that no error was committed by the court in excluding from the jury the offered evidence. It was irrelevant; for it did not prove, or tend to prove, the material fact alleged in the additional paragraph of answer, that the judgment of June 4th, 1875, was still in full force and effect, against the administrator of the deceased maker, nor the fact implied, but not alleged, that such judgment had been reversed by this court, only as against the then surviving makers of the note in suit. The judgment of this court, in the case, as offered in evi-

Odell *et al. v.* Carpenter.

dence, reversed the entire joint judgment of the circuit court against all the defendants, and it was not as it appears in the case as reported in 55 Ind. 329.

The appellants' counsel have devoted the larger portion of their brief of this cause, to the support of their proposition, that William W. Ennis, the administrator of Elkanah Clark, deceased, one of the makers of the note in suit, could not appeal to this court from the judgment of June 4th, 1875, because such judgment was rendered against him upon his default. Counsel have endeavored to fortify and strengthen their position and argument, on this point, by the citation of a number of the early decisions of this court under the code. But the doctrine of the cases cited, on that point, has long since been quietly ignored and practically overruled. The more recent rule on this point, approved by this court, would seem to be, that a party, against whom a judgment by default has been rendered, may appeal therefrom directly to this court, without having first applied to the trial court to set aside such judgment. *Abdil* v. *Abdil*, 26 Ind. 287; *Cochnower* v. *Cochnower*, 27 Ind. 253 ; *Strader* v. *Manville*, 33 Ind. 111; *Barnes* v. *Bell*, 39 Ind. 328; *Wright* v. *Norris*, 40 Ind. 247; *Kyle* v. *Kyle*, 55 Ind. 387.

The appellants' counsel have not presented and discussed, in their brief of this cause, any other questions than those we have considered and decided; and, therefore, the other supposed errors of which they complained, under the settled practice of this court in such cases, must be regarded as waived.

We find no error in the record.

The judgment is affirmed, at the appellants' costs.