Heritage *v.* Hedges *et al.*

---

## No. 7802.

## HERITAGE *v.* HEDGES ET AL.

BASTARDY.—*Judgment for Benefit of Child.*—The purpose of the statute regulating prosecutions in bastardy cases is to secure from the putative father the maintenance of the bastard child, and not to furnish money to the mother for her own use.

SAME.—*Guardian.*—Where, upon the order of a proper court, a bastard child has, for cause, been taken from the care and custody of the mother, and a guardian appointed, the latter has a right to the money recovered from the putative father, for the benefit of the child, upon the judgment rendered against him in the bastardy proceedings.

SAME.—*Assignment of Judgment by Mother.*—When a bastard child has been legally taken from the custody of the mother, and a guardian appointed, the mother can not assign the judgment rendered in her favor for the benefit of the child, against the putative father, as collateral security for her own individual debt.

SAME.—*Removal of Child from Custody of Mother.—Collateral Attack.*—
An order of court removing a bastard child from the custody of the
mother, and appointing a guardian, can not be attacked collaterally
by the assignee of the mother, in an action to obtain possession of
money paid into court by the putative father upon the judgment in
the bastardy proceedings.

From the Henry Circuit Court.

*M. E. Forkner* and *J. M. Morris*, for appellant.

*J. M. Brown*, for appellees.

Elliott, J.—One Fannie Brosins, as relatrix, instituted
proceedings under the statute regulating prosecutions in
cases of bastardy, against one William Murray, and recovered
judgment. The court directed that the judgment should be
paid in instalments. Three instalments were paid to the
relatrix. The fourth, of one hundred dollars, was paid to
John S. Hedges, here one of the appellees, who was then
clerk of the court wherein the judgment was rendered. The
appellant claimed this money by virtue of an assignment of
the judgment executed to him by the relatrix, Fannie Bro-
sins. Wallace Brosins, one of the appellees, also laid claim
to the money, basing his claim upon the ground that he was
the guardian of the bastard child, and that it had been
abandoned by its mother. The clerk declined to pay the
money to either of the claimants, whereupon the appellant
brought this action against the clerk. An interpleader was
filed by the appellee Hedges, and Brosins, now his co-appel-
lee, was brought into court. The clerk, Hedges, withdrew
from the contest, and left it to be fought out by Brosins and
Heritage, and the former prevailed.

In support of appellant's claim, the judgment and assign-
ment were introduced in evidence, and, in rebuttal, the ap-
pellant also gave evidence of the consideration paid by him
to Fannie Brosins. To sustain the theory of the appellee,
evidence was given showing, or tending to show, that Bro-
sins had been appointed guardian of the bastard child ; that,

before and after his appointment, he had supported and maintained it; that the mother had virtually abandoned the child; and that it had been left to the custody and care of the appellee Brosins. The appellant, when called as a witness, after the defendants had closed, testified that he sold Fannie Brosins furniture; that, when he sold her the furniture, she told him it was for her sister-in-law; that the judgment was assigned to him as security, and that he knew at the time that the judgment was rendered for the support of the child of Fannie Brosins.

The object of the statute regulating prosecutions in bastardy cases is, not to make compensation to the mother, nor to furnish her with money for her own use, but to secure from the putative father the support and maintenance of the bastard child. This doctrine is well stated by WORDEN, J., in *Bright's Adm'r* v. *Sexton*, 18 Ind. 186. It was there said: "The money recovered in a bastardy prosecution is intended for the maintenance of the child; and the person who has the legal custody of, and who maintains the child, is entitled to it." In *Marlett* v. *Wilson's Ex'r*, 30 Ind. 240, it was held that an obligation executed to the putative father for the maintenance of the child accrued to the exclusive benefit of the child. The same general doctrine is declared in *Decker* v. *The State, ex rel.*, 53 Ind. 552. There is nothing in *Young* v. *The State, ex rel.*, 53 Ind. 536, which conflicts with the doctrine of the former cases; but, if there was, we should have no hesitation in declaring it to be erroneous. In the case last cited, the mother was, by a voluntary undertaking upon the part of a third person, relieved from the support of the child, and it was held that she had no right to thereafter enforce the judgment against the putative father. It is very plain that the present is a very different case, for here the guardian of the child is asking that the money due upon the judgment shall be applied to its maintenance. The effort of the appellee is not to secure the money for his

own use, but to secure it for the exclusive benefit of his ward.

The evidence shows that the child was rightly taken from the mother, and placed in the custody of a guardian. It was highly proper to remove the child from the custody of a mother, whose unchaste and impure conduct would have exerted an evil influence upon the life and character of her child. The child was none the less entitled to this protection because born out of wedlock. The parents may have been sinners, but the child was blameless. But whether the court did right or wrong in appointing a guardian can not be contested by the appellant in this collateral proceeding ; he must, if he would litigate that question, adopt a different mode of procedure.

We need not in this case decide whether the mother has general power to assign a judgment rendered in her favor in the bastardy prosecution. It is sufficient to here decide that, upon the facts shown in the present action, she had no such right. She could not, under the circumstances developed by the evidence, assign the judgment as collateral security for her own individual debt, and thus deprive the child of the means provided for its maintenance.

Some minor questions are discussed, but as they are not in themselves interesting or important, and as they exert no controlling influence upon the case, we dismiss them without further mention.

Judgment affirmed.