Baldwin *et al. v.* Humphrey.

No. 7914.

BALDWIN ET AL. *v.* HUMPHREY.

PLEADING.—*Complaint on Promissory Note.*—A complaint on a promissory note in the form prescribed by statute, 2 R. S. 1876, p. 357, form No. 1, is sufficient.

PRACTICE.—*Supreme Court.*—*Default.*—*Objection to Amount of Damages.*—An objection to the amount of damages assessed can not be raised for the first time in the Supreme Court. After default of the party, such an objection can be made by him only by appearing in the court below and there disputing the amount of the damages.

SAME.—*Appeal After Judgment by Default.*—A party against whom a judgment by default has been rendered may appeal therefrom directly to the Supreme Court, without having first applied to the trial court to set aside such judgment.

From the Grant Circuit Court.

*G. W. Harvey*, for appellants.

*J. L. Custer*, for appellee.

BICKNELL, C. C.—The appellee brought suit against the appellants on a joint promissory note, of which the following is a copy:

"MARION, IND., Nov. 23, 1876.

"Sixty days after date we promise to pay to Charles W. Humphrey, or order, one hundred and thirty-seven $\frac{50}{100}$ dollars, with interest at ten per cent. per annum, and attorney's fees, value received, without any relief whatever from valuation or appraisement laws.

"$137$\frac{50}{100}$. [Signed] L. D. BALDWIN.
"DANIEL W. HIATT."

The summons was issued on January 23d, 1879. It was personally served on each of the appellants on the 24th of January, 1879. It was returnable on the first day of the February term, 1879, of the Grant Circuit Court, which was the 3d day of February.

The record, as corrected upon a *certiorari*, shows that, on the 5th day of February, 1879, the third judicial day of the term, a judgment by default was rendered against the appel-

lants for one hundred and eighty-four $\frac{49}{100}$ dollars, with ten per cent. interest and costs. From this judgment the appeal was taken. The following are the errors assigned:

"1st. The court erred in rendering judgment upon an insufficient complaint;

"2d. The court erred in rendering judgment against the appellants, for the reason that there was filed with the complaint no copy of the note declared on;

"3d. The court erred in rendering judgment against the appellants by default, on the first day of the February term of the Grant Circuit Court, 1879."

As to the first error: The complaint in this case was good. It was in the form prescribed by statute, 2 R. S. 1876, p. 357, form No. 1, except that it contained the unnecessary averment that Lancaster D. Baldwin executed the note by the name of L. D. Baldwin. Mere surplusage does not vitiate.

As to the second error: It is not true. A copy of the note declared upon was filed with the complaint.

As to the third error: The corrected record shows that the judgment was not rendered on the first day of the term, but on the third day, which was right.

The appellants, in their brief, insist that the judgment included ten dollars and thirty cents too much interest; that the court computed the interest at ten per cent., up to the date of the judgment, whereas the interest to be allowed, between the maturity of the note and the date of the judgment was only six per cent. This matter was not embraced in the assignment of errors, and such an objection can not be raised for the first time in this court. *Barnes* v. *Bell,* 39 Ind. 328. After default, such an objection can be made only by appearing in the court below and there disputing the amount of the damages. *The Marion, etc., R. R. Co.* v. *Lomax,* 7 Ind. 406; *Fisk* v. *Baker,* 47 Ind. 534. Even after a trial, excessive damages can not be separately assigned as error. It would be merely cause for a new trial. *Claflin*

*v. Dawson*, 58 Ind. 408. The appellee insists that after default there can be no appeal without some steps taken in the court below to obtain relief. Formerly that was the general rule. *Barnes* v. *Conner*, 39 Ind. 294 ; *Johnson* v. *Ikerd*, 48 Ind. 380 ; *Blair* v. *Davis*, 9 Ind. 236 ; *Harlan* v. *Edwards*, 13 Ind. 430 ; *Cincinnati, etc., R. R. Co.* v. *Calvert*, 13 Ind. 489. But there were exceptions to it. Thus, an appeal was allowed after default, without any motion in the court below, where the defendant had not been notified of the pendency of the suit. *Abdil* v. *Abdil*, 26 Ind. 287 ; *Cochnower* v. *Cochnower*, 27 Ind. 253 ; *Kyle* v. *Kyle*, 55 Ind. 387 ; *Bristor* v. *Galvin*, 62 Ind. 352. And it was held that, if the complaint does not state facts sufficient to constitute a cause of action, a defaulted defendant may appeal, assigning as error the insufficiency of the complaint, without having made a motion for relief in the court below. *Strader* v. *Manville*, 33 Ind. 111 ; *Wright* v. *Norris*, 40 Ind. 247. And finally, in *Odell* v. *Carpenter*, 71 Ind. 463, the entire rule was abrogated, and HOWK, J., delivering the opinion of the court, said : "The more recent rule on this point, approved by this court, would seem to be, that a party, against whom a judgment by default has been rendered, may appeal therefrom directly to this court, without having first applied to the trial court to set aside such judgment."

The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the appellants.