No. 15,073.

ROBINSON v. STATE, EX REL. POWERS.

BASTARDY.—*Still-born Child.*—*Institution of Suit Before Birth.*—*Rendition of Judgment After Death.*—Where a prosecution for bastardy is commenced before the birth of the child, the law recognizes the existence of the child sufficiently to authorize the prosecution, and its subsequent death, whether *in utero* or after birth, will not abate the action. Section 997, R. S. 1881. The court is authorized in such a case to give judgment for such sum as shall be deemed just, and the judgment may be rendered after the death of the child. *Canfield* v. *State, ex rel.*, 56 Ind. 168, distinguished.

From the Knox Circuit Court.

*J. S. Pritchett* and *H. Burns*, for appellant.

McBRIDE, J.—This was a bastardy proceeding, commenced October 3d, 1888, the relatrix alleging that she was pregnant with a bastard child, and that appellant was its father. The appellant appeared before the justice and admitted that the relatrix was pregnant, and, that he was, as alleged, father of the child. In the circuit court, however, he filed an answer of general denial, and there was a trial by jury, resulting in a finding against him. Judgment was not rendered against him until June, 1889. The child was born dead April 17th, 1889.

Judgment was rendered against him for $100. Appellant insists that this was erroneous, and that the court had no power, in such case, to render judgment for anything but the costs of the prosecution. His contention is that, the judgment in such cases being rendered only to secure the maintenance and education of the child, and the child being stillborn, nothing could be due for its maintenance or its education. He further insists that a still-born infant is not a child within the meaning of the statute; that, being still-born, it never had an existence separate and apart from its mother. In this he claims that he is supported by the case of *Canfield* v. *State, ex rel.*, 56 Ind. 168. That case does not support ap-

pellant's contention. That was a prosecution in which the
relatrix alleged she had been delivered of a bastard child.
The evidence showed that the child was still-born, that its
lungs were never inflated, and that the prosecution was com-
menced after the birth of the child. The court held that
the proof did not sustain the averment of the complaint that
the relatrix " had been delivered of a bastard child "; that,
never having breathed, it had never lived; that until a
child is wholly born, and has obtained a separate existence,
it is but a *foetus in utero*, and not a human being within the
meaning of' the law *authorizing proceedings for the main-
tenance of bastard children after their birth*. It is evident,
we think, that if the prosecution in that case had been com-
menced before the birth of the child the court would have
reached a different conclusion. *Canfield* v. *State, ex rel.,
supra*, was decided at the May term, 1877, of this court.
The case of *Evans* v. *State, ex rel.*, 58 Ind. 587, was decided
at the November term, 1877, by the same court, there having
been in the meantime no change in the *personnel* of the court.
In that case the facts were substantially as in the case at
bar.

The prosecution was commenced before the birth of the
child. After verdict, but before judgment, the child was
born dead. The court adjudged that the defendant should
pay the relatrix $100. The judgment was affirmed. The
statute authorizes the institution of proceedings of this char-
acter before the birth of the child, and they may be prose-
cuted to final judgment before the child is born. The ex-
istence of the child is thus recognized by the law at that
time, although it is but a *foetus in utero*.

Section 997, R. S. 1881, provides that " The death of a
bastard child shall not be cause of abatement or bar to any
prosecution for bastardy; but the court trying the same
shall, on conviction, give judgment for such sum as shall be
deemed just."

It will be observed that this section, while authorizing the

court in such case to render judgment for such sum as in its discretion may be deemed just, says nothing about the maintenance or education of the child.

There is no conflict between the two cases.

Where the relatrix delays commencing the prosecution until after the birth of the child, she must then allege and prove the birth of a child which had an existence separate and apart from her.

When the prosecution is commenced before the birth, the law recognizes the existence of the child sufficiently to authorize the prosecution, and its subsequent death, whether *in utero* or after birth, brings the case within the provisions of section 997, *supra.*

The court was thereupon authorized to give judgment for a reasonable sum, and we can not say it abused its discretion in this case.

Judgment affirmed.

Filed May 26, 1891.