IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1917, AND MAY TERM, 1918, IN THE ONE HUNDRED SECOND YEAR OF THE STATE.

---

PRICE *v.* STATE OF INDIANA, EX REL. GORDON ET AL.

[No. 9,478. Filed February 21, 1918.]

1. APPEAL.—*Presenting Questions for Review.—Necessity of Exceptions.*—Generally, the failure to save an exception to the ruling of the trial court which is assigned as error on appeal is fatal to such assignment. p. 5.

2. APPEAL.—*Presenting Questions for Review.—Motion to Modify Judgment.*—Generally, a party seeking relief from the form or substance of some part of a judgment rendered against him must first present to the trial court a motion definitely specifying in what respect the judgment should be modified, and, if such motion is overruled, the ruling should be assigned as error to present the question for review on appeal. p. 5.

3. BASTARDS.—*Judgment.—Payment.—Use of Money.*—Under §1026 Burns 1914, §991 R. S. 1881, providing that, if the defendant in a bastardy proceeding, is found to be the father of the child, or shall confess the same, he shall be adjudged the father and stand charged with its maintenance and education, and §1027 Burns 1914, §992 R. S. 1881, providing that the court shall make such order as may seem just for securing the child's maintenance and education, by the annual payment to the mother, or, if she be dead or an improper person to receive the same, to such other person as the court may direct, of such sums of money as may be adjudged proper, the only judgment authorized is one securing the child's maintenance and education, and a judgment in a bastardy proceeding that the defendant pay to the clerk of the court, for the use of a doctor, for a surgical operation, a specified sum, is void. pp. 6, 8.

4. BASTARDS.—*Appeal.—Review of Judgment.—Presumptions.*—Under §1027 Burns 1914, §992 R. S. 1881, relating to the order for

maintenance in a bastardy proceeding and providing that the money shall be paid to the mother, or, if she be dead or an improper person, to such other person as the court may direct, and §1032 Burns 1914, §1009 R. S. 1881, providing that the death of a bastard shall not be cause for abatement, or bar to any prosecution for bastardy, the court on appeal will not presume, to sustain a judgment in a bastardy proceeding in favor of a third person, that either the mother or child is dead, or that the mother is an improper person to receive payments on such judgment.   p. 7.

5.  BASTARDS.—*Judgment.—Conformance to Statute.—Necessity.*— As a bastardy proceeding is statutory, a judgment which is plainly unauthorized by and contrary to the statute is void. p. 9.

6.  APPEAL.—*Review.—Void Judgment.*—Where a judgment is void, appellant may obtain relief from it on appeal by a direct assignment of error in the appellate court, even though he made no motion to modify in the trial court, and reserved no exception to the rendition of such judgment. p. 9.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by the State of Indiana, on the relation of Florence Gordon and another, against Paul Price. From the judgment rendered, the defendant, by his next friend, appeals. *Reversed.*

*John A. Kersey,* for appellant.

*Evan B. Stotsenburg,* Attorney-General, *Leslie R. Naftzger* and *Wilber E. Williams,* for appellees.

FELT, J.—The relatrix Florence Gordon, on April 16, 1915, filed an affidavit against the appellant, in which she alleged that she was pregnant with a bastard child. At a later date the relatrix was examined by the justice of the peace before whom the affidavit was filed and her examination shows that she had been delivered of a bastard child about the last of April, 1915, and that appellant was the father of her child. The findings of the justice of the peace show the same facts, and the case was duly certified to the Grant Circuit Court on June 21, 1915. On October

12, 1915, the circuit court pronounced judgment as follows:

"State of Indiana, ex rel.

Florence Gordon,

vs.

Paul Price.

"Come the parties, by counsel, and this cause being at issue is submitted to the court for trial, without the intervention of a jury, and the court having heard the evidence, and upon the statement of the defendant that he was the father of the bastard child, now finds for the said relatrix that the allegations of her complaint are true, and that the said relatrix had been delivered of a bastard child and that the defendant is the father of said child. It is therefore considered and adjudged that the defendant is the father of the child, of which the relatrix has been delivered."

At the same term of court, on November 13, 1915, in the same cause, the following entry appears of record:

"Come the parties herein by their respective counsel, and the following further judgment was rendered by the court. It is further adjudged and decreed by the court that the defendant pay to the clerk for the use of Dr. C. O. Bechtol for surgical operation the sum of one hundred seventy-five dollars to be paid within ninety days, and the defendant committed to jail for one year, unless same is paid or replevied at once."

On December 14, 1915, at the succeeding term of court, the appellant filed with the clerk of the circuit court his appeal bond in the sum of $350, which was duly approved by the clerk, and on November 16, 1915, he filed his praecipe for a transcript of the entire record in said cause. In the assignment of errors, the cause is entitled Paul Price, by Oliver Price, his next

friend, appellant, against the State of Indiana, on the relation of Florence Gordon, and Charles O. Bechtol, appellees. The error assigned is as follows: "The court erred in adjudging and decreeing that the appellant pay to the clerk, for the use of appellee, Dr. C. O. Bechtol, for surgical operation, one hundred and seventy-five dollars within ninety days, and that he be committed to jail for one year unless the same be paid or replevied at once."

Appellees contend that no question is presented by the assignment, for the reason that the record discloses no exception to the action of the court in rendering the judgment, and no motion to modify the judgment; also that every presumption is in favor of the correctness of the judgment rendered; that the evidence is not in the record, and when the judgment is considered in the light of the presumptions in its favor, it is fully authorized by §1032 Burns 1914, §997 R. S. 1881; that in the absence of an affirmative showing by the record to the contrary, this court must presume that the allowance to Dr. C. O. Bechtol was for some purpose authorized by law, and it may have been for a surgical operation upon the child itself in an effort to save its life, or the money may have been so ordered paid to Dr. C. O. Bechtol because the court may have found the mother to be an improper person to receive the same.

Appellant asserts that the record shows that the judgment is absolutely void; that Dr. C. O. Bechtol was not a party to the suit; that there is no finding which authorizes the judgment in favor of Dr. C. O. Bechtol; that the only judgment authorized in a bastardy proceeding is for the support and maintenance of the child and costs of suit, and the judgment here shows on its face that it is not for the support of the child. Appellant also asserts that he has the right to

obtain relief from a void and unauthorized judgment without saving an exception in the lower court, and without having moved to modify the judgment; also that, inasmuch as the judgment shows on its face that the defendant acknowledged that he was the father of the child, no evidence was necessary, and no presumptions can arise from the absence of the evidence to sustain the judgment which the record plainly shows to be void.

The failure to save properly an exception to the ruling of the trial court, which is assigned as error on appeal, is generally fatal to such assignment, and must be so held in this case, unless it is an exception to the general rule. The same is true of the failure to move to modify the judgment, for the general rule is that a party seeking relief from the form or substance of some part of the judgment rendered against him must first present to the trial court a motion definitely specifying in what respect or particulars the judgment should be modified, and, upon such motion being overruled by the trial court, on appeal the ruling should be assigned as error. *Evans* v. *State* (1898), 150 Ind. 651, 655, 50 N. E. 820; *Heaton* v. *Grant Lodge, etc.* (1913), 55 Ind. App. 100, 103, 103 N. E. 488; Elliott, App. Proc. §783 *et seq.*

Appellant, however, concedes the foregoing general rules to be as stated, but asserts that the judgment is void, and that, where such is the case, the injured party on appeal may obtain relief therefrom without first moving to modify the judgment, and without saving an exception to the ruling at the time it was made by the trial court.

This contention requires us to determine whether relief may be so obtained in any case, and if so, then

whether the case at bar falls within the exception asserted by appellant.

Section 1026 Burns 1914, §991 R. S. 1881, relating to bastardy, provides in substance as follows: If the defendant is found to be the father of the child, or "shall confess the same he shall be adjudged the father of such child and stand charged with the maintenance and education thereof." Section 2027 Burns 1914, §992 R. S. 1881, provides that the court shall "make such order as may seem just for securing such maintenance and education to such child, by the annual payment to such mother (or if she be dead or an improper person to receive the same, to such other person' as the court may direct) of such sums of money as may be adjudged proper."

These statutes plainly show that the only judgment authorized by them is for the maintenance and education of the child. The mother has no direct interest in the judgment, but is authorized to receive payment in pursuance of the order of the court as the natural guardian of the child and the trustee of the fund, unless she be dead, or an improper person to receive the same, in which event payment shall be made to a person authorized by the order of the court to receive the same. Whether payment be made to the mother, or to another authorized person, the object or purpose of the statute remains one and the same, and the benefits of the judgment are primarily for the child. *Allen* v. *State, ex rel.* (1835), 4 Blackf. 122, 125; *Heritage* v. *Hedges* (1880), 72 Ind. 247, 249, and cases cited; *Maker* v. *State, ex. rel.* (1890), 123 Ind. 378, 382, 24 N. E. 128; *Lewis* v. *Hershey* (1909), 45 Ind. App. 104, 106, 90 N. E. 332; *State, ex rel.* v. *Lannoy* (1902), 30 Ind. App. 335, 337, 65 N. E. 1052.

Section 1032, *supra,* provides that: "The death of a bastard shall not be cause of abatement, or bar to any prosecution for bastardy; but the court trying the same shall, on conviction, give judgment for such sum as shall be deemed just." The judgment in this case cannot be sustained by reason of the foregoing statute, because we are not authorized to indulge the presumption in its favor that the child was dead when the judgment was rendered. *Robinson* v. *State, ex rel.* (1891), 128 Ind. 397, 27 N. E. 750.

The entry of October 12, 1915, states that the defendant confessed that he was the father of the child and plainly indicates that both the relatrix and the child were alive. On November 13, 1915, the record shows that the court rendered another, or "further judgment," in the same case, without any change or substitution of parties, or any showing that the relatrix had died. The statute plainly indicates that, before the court directs payment to any person other than the mother for the benefit of the child, it must find one or the other of the facts which authorize the designation of such other person. No such facts are found in this case. Though we might infer such finding in and of the judgment in some situations, if it appeared to have been rendered for the benefit of the child as required by the statute, we cannot indulge such inference where the judgment itself indicates that it was rendered for a purpose not authorized by the statute.

Considering the whole record as presented, and the natural presumption that the life of both mother and child continued, there is no basis whatever for presuming that either was dead on November 13, or that the court ordered payment through the clerk to Dr. C. O. Bechtol, for the benefit of the child, because the

mother was not a suitable person to receive payment of the sum adjudicated against appellant. The language of the judgment is not open to such inference. The presumptions that may be indulged in favor of the judgment of a court of general jurisdiction cannot reasonably be carried to the extent of overriding the statute and refuting the plain and reasonable meaning of the judgment as entered. Whether the two entries be considered as one judgment, or as two, for the purposes of this appeal, it sufficiently appears that both mother and child were alive when the entries were made.

The statute primarily authorizes and requires payment to be made to the mother for the maintenance and education of the child. The mother being alive, and there being no finding that she was an improper person to receive such payment, it is not a reasonable presumption to indulge that Dr. Bechtol was substituted in the place of the mother. The language of the judgment, if it does not entirely exclude the possibility of such presumption, at least shows it to be unreasonable.

The judgment requires payment by the defendant to the clerk, and plainly states that it is for the use and benefit of Dr. Bechtol for some surgical operation, but it is not a reasonable inference from the language employed that such payment of the entire amount of the judgment rendered was in conformity with the purposes of the statute aforesaid.

The record, therefore, conclusively shows that the court rendered a judgment on November 13, 1915, in violation of the statute, and that the same is void.

3. The same result follows whether the last entry be considered as a judgment in favor of Dr. Bechtol, who was not a party to the proceed-

ings, or whether it be considered as a judgment in the case of State, ex rel. Gordon v. Appellant. In the latter view, which is the reasonable interpretation of the entries, it clearly appears that the judgment was rendered for a purpose not authorized by the statute and without warrant of law. The proceeding 5. is of statutory origin and a judgment which is plainly unauthorized by, and contrary to, the statute, is void. *Whitney* v. *Marshall* (1894), 138 Ind. 472, 478, 37 N. E. 964; *Bartmess* v. *Holliday* (1901), 27 Ind. App. 544, 556, 61 N. E. 750; *Jones* v. *Vert* (1889), 121 Ind. 140, 142, 22 N. E. 882, 16 Am. St. 379; *Baldwin* v. *Humphrey* (1881), 75 Ind. 153, 155; *Wright* v. *Norris* (1872), 40 Ind. 247, 249; *Strader* v. *Manville* (1870), 33 Ind. 111, 114.

The judgment being void, appellant may obtain relief from it by direct assignment of error in this court without a motion to modify it having first been presented to the trial court, and without reserv- 6. ing an exception to the action of the court in rendering such void judgment. In §784 of Elliott's Appellate Procedure, the author states that: "An exception must be taken in all cases save those in which the questions are such as may be first made on appeal. We have elsewhere considered the subject of first making questions on appeal. It is only necessary to say here that where there is no cause of action or no jurisdiction, there is no necessity for reserving an exception." See, also, *Davis* v. *Perry* (1872), 41 Ind. 305, 308.

Before the enactment of the present statute relating to the presentation of questions arising on demurrers to pleadings, it was held that on appeal the question could be first presented by direct assignment of error, even where judgment had been rendered by

default and there had been no motion to set it aside. *Wright* v. *Norris, supra; Old* v. *Mohler* (1890), 122 Ind. 594, 599, 23 N. E. 967.

The court had no jurisdiction to render a judgment payable to the clerk for the benefit of Dr. C. O. Bechtol. As supporting this conclusion, see, also, *Bartmess* v. *Holliday, supra; Robinson* v. *Rogers* (1882), 84 Ind. 539, 544; *Board, etc.* v. *Logansport, etc., Gravel Road Co.* (1882), 88 Ind. 199, 200; *Bristor* v. *Galvin* (1878), 62 Ind. 352, 358; *Canfield* v. *State, ex rel.* (1877), 56 Ind. 168, 171.

The judgment dated November 13, 1915, is reversed, with direction to the lower court to vacate the same, and cause the case to be docketed for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 118 N. E. 690.