BROWN *v.* STATE, EX REL. PAVEY.

[No. 14,346. Filed July 27, 1932.]

*Wycoff & Wycoff* and *Tramain & Turner,* for appellant.

*A. E. Huntington, William E. Roof, Earl Wolfinger* and *Erving E. Wright,* for appellee.

BRIDWELL, J.—This is a prosecution for bastardy, filed February 20, 1930, in which appellant was charged in the complaint with being the father of the unborn child of the relatrix. A trial of the cause before a jury resulted in a verdict as follows: "We, the jury, find for the plaintiff, that at the time of the filing of the complaint herein, the relatrix, Pauline, was pregnant with a bastard child as alleged, and that on the 9th day

of August, 1930, said Pauline Pavey, was delivered of a stillborn child, and that the defendant, Burton Brown, is the father of said child." Such further proceedings were had that the court rendered judgment on the verdict, adjudging the appellant to be the father of said child, and in favor of the relatrix and against the appellant, fixing the amount of the judgment at four hundred dollars. Appellant filed his motion for a new trial, which was overruled; he then filed a motion to modify the judgment, which motion was also overruled. An exception to the overruling of each motion was taken and this appeal perfected, the errors assigned being the overruling of said motions.

Appellee's brief states the controversy presented as follows: "The real question now before this court is whether the law so far recognizes the existence of an unborn child, that when a prosecution is commenced before its birth and it is stillborn before verdict and judgment the court should give judgment in such sum as seems just, or should the action abate."

We are of the opinion that the principal question for determination is as to whether a judgment may be entered against a defendant in a bastardy proceeding for any amount, other than costs, where, as here, the undisputed evidence proves the birth of a dead child and the beginning of a proceeding authorized by statute, by the filing of a complaint during pregnancy; and where the jury finds such facts and further finds that the defendant is the father of said child.

In an action of this character the rights of interested parties are given, controlled and limited by sections 1049 to 1070 inclusive, Burns R. S. 1926.

Sec. 1049 authorizes the beginning of a bastardy proceeding when any woman who has been delivered of, or is pregnant with, a bastard child shall make a complaint thereof in writing, under oath, before

any justice of the peace, charging any person with being the father of the child, and this, and subsequent sections, provide for the method of procedure. After a hearing before the justice where the cause is pending, such justice must, if he adjudge the defendant to be the father of such child, transmit a transcript of the proceedings before him to the clerk of the circuit court of the proper county, where the action is filed and docketed as a cause pending. (Sections 1053 and 1055.) If the defendant, in the circuit court, deny the charge, the issue shall be tried by the court or a jury. (Sec. 1057.) If the jury find that the defendant is the father of such child, . . . he shall be adjudged the father of such child, and stand charged with the maintenance and education thereof. (Sec. 1062.)

Section 1063 provides that the court shall, on such verdict and judgment, make such order as may seem just for securing such *maintenance and education to such child,* by the annual payment to such mother (or if she be dead or an improper person to receive the same, to such other person as the court may direct) of such sums as may be adjudged proper, and shall render judgment for the same, specifying the terms of payment.

Sec. 1066 allows the dismissal of the suit by the prosecuting witness (relatrix) if she be an adult, at any time before final judgment, if she will first enter of record *an admission that provision for the maintenance of the child* has been made to her satisfaction; if she be a minor, she may dismiss such suit, if it be first shown to the satisfaction of the court in which the same is pending that *suitable provision has been made and properly secured for the maintenance* of the child, and a finding of the court to that effect entered of record.

Under Sec. 1064, upon the death of any bastard child after judgment rendered, and before the expiration of the time limited for the last payment of such judgment,

the court rendering such judgment may make such reduction in the amount of the same as may be rendered proper and just in consequence of such death.

From the foregoing cited sections of our statutory laws relating to proceedings in bastardy, and from the entire scope of the legislation enacted on the subject matter, we think it clear that no judgment, except for costs can be legally rendered, other than a judgment securing to such bastard child maintenance and education. These statutes plainly show that the only judgment authorized by them is one for such purpose. It is well settled in our state that the money recovered in bastardy prosecutions, and the benefits of the judgment are primarily for the child. *Allen* v. *State ex rel. Harrell* (1835), 4 Blackford 122; *Canfield* v. *State ex rel., etc.* (1877), 56 Ind. 168; *Heritage* v. *Hedges* (1880), 72 Ind. 247; *Lewis* v. *Hershey, Adm'r* (1910), 45 Ind. App. 104, 90 N. E. 332; *Price* v. *State ex rel., etc.* (1918), 67 Ind. App. 1, 118 N. E. 690.

In the case of *Allen* v. *State ex rel., etc., supra* (a bastardy proceeding), an order was made against the defendant that he pay into court an amount fixed to defray the lying-in expenses of the relatrix. The court said: "The statute only authorizes, in this proceeding, a judgment against the defendant for such sum or sums of money as the court may direct for the maintenance of the child, and a judgment for costs. The damages for the seduction of the mother, or the expenses of her lying-in, are not the objects of this kind of prosecution. The law has, in those cases, provided other remedies." The statute then being construed was similar in its main features to the bastardy act now in force in this state.

In *Canfield* v. *State, ex rel., etc., supra,* the case was one where the action was brought after the birth of a stillborn child. It was tried by the court, and the court's

finding was that the defendant was the father of the child, and was liable to the relatrix for the maintenance of said child *before its birth,* in such sums as the court might adjudge reasonable. An order was made that the defendant should pay the relatrix the sum of one hundred dollars and judgment rendered accordingly. Upon appeal our Supreme Court said: "We are of the opinion, both from reason and analogy, that the allegation in the complaint, in this case, that the relatrix was, on a given day, delivered of a bastard child, is not sustained by the finding of the court, that on that day she was delivered of a stillborn child, its lungs having never been inflated with air, although illegitimate in its conception and in its birth. We think the finding showed that the *foetus in utero* never became a child within the meaning of the law authorizing proceedings for the maintenance of bastard children after their birth. It was not born alive, and never had an existence independent of the mother." The opinion also states that: "It is well settled in our state, that the money recovered in bastardy prosecutions is only intended for the maintenance of the child."

In *Price* v. *State, ex rel., etc., supra,* the lower court after adjudging that the defendant was the father of the bastard child of which the relatrix had been delivered rendered a judgment in said cause, against said defendant, decreeing that he pay to the clerk of the court for the use of one Dr. Bechtol, the sum of $175, for a surgical operation performed. On appeal there was a reversal, and the lower court was ordered to vacate the judgment. In its opinion the court (speaking of the statutes relating to bastardy proceedings) says: "These statutes plainly show that the only judgment authorized by them is for the maintenance and education of the child." The court also says: "The proceeding is of

statutory origin and a judgment which is plainly un-authorized by, and contrary to, the statute is void."

We have examined and considered each section of the laws of this state relative to bastardy proceedings and fail to find any authority given to render judgment for any purpose other than for the maintenance and education of any such child when born alive. In view of this fact, and in the light of the authorities heretofore cited we hold that the judgment entered in the court below was rendered without legal authority for so doing. In reaching this conclusion we have not failed to consider the decisions in the cases of *Evans* v. *State, ex rel., etc.,* 58 Ind. 587, and *Robinson* v. *State, ex rel., etc.,* 128 Ind. 397, cited and relied upon by appellee, nor have we overlooked section 20 of the bastardy act, being section 1068 of Burns R. S. 1926, providing that: "The death of a bastard child shall not be cause of abatement or bar to any prosecution for bastardy; but the court trying the same shall, on conviction, give judgment for such sum as shall be deemed just."

In reaching a conclusion as to the intent and purpose of this section of the bastardy act we must consider the entire act of which it is a part. *Huff* v. *Fetch* (1924), 194 Ind. 570, 143 N. E. 705; *Keener* v. *Ochsenrider* (1925), 85 Ind. App. 156, 149 N. E. 101. When we do this we cannot escape the conclusion that section 20 of the act is meant to apply, and applies only, to cases where prosecutions are brought during pregnancy or after delivery, and the bastard child is born alive but dies prior to trial and a determination as to whether the defendant charged is its father. Under such facts the action does not abate, and if, upon trial of any such case, the defendant thereto is found and adjudged to be the father of such child then the court should give judgment for such sum as it deems

just, the amount of such judgment to be determined by the costs of maintenance, including all necessary care and attention required for such child, during its lifetime. By so construing section 20 of the act, all provisions of the act are harmonized and may be given full force and effect without violation of its evident purpose, that purpose being to provide a method whereby maintenance and education may be secured for bastard children.

The two cases before mentioned as being cited and relied upon by appellee are out of harmony with all other decisions of our state declaring the theory and purpose of the bastardy act. The authorities heretofore cited have not been overruled or criticised and seem conclusive on the question that the only recovery allowable in a bastardy proceeding is one for the benefit of the child. In the instant case, the child being dead when born, the judgment of $400.00 entered by the court could not possibly have been for its benefit.

Judgment reversed and cause remanded with direction to the lower court to vacate said judgment and to render judgment against the defendant, Burton Brown, for costs accrued in the court below.